UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC., <br><br>        Plaintiff, <br><br>    v. <br><br>GOOGLE LLC, <br><br>        Defendant. | Case No. 6:20-cv-00075-ADA <br><br> JURY TRIAL DEMANDED |

## GOOGLE LLC'S ANSWER TO ECOFACTOR, INC.'S COMPLAINT

Defendant Google LLC ("Google") hereby states the following as its Answer to the Complaint of Plaintiff EcoFactor, Inc. ("Plaintiff" or "EcoFactor"). Except as otherwise expressly admitted below, Google denies each allegation of the Complaint.

## INTRODUCTION

1. Google admits that this is a patent infringement action. Google denies the remaining allegations of paragraph 1. Google specifically denies that it has committed any act of patent infringement.

## PARTIES

2. Google lacks knowledge or information to form a belief about the truth of the allegations of paragraph 2 and, therefore, denies them.

3. Google lacks knowledge or information to form a belief about the truth of the allegations of paragraph 3 and, therefore, denies them.

4. Google lacks knowledge or information to form a belief about the truth of the allegations of paragraph 4 and, therefore, denies them.

5. Google admits that Google LLC is a wholly owned subsidiary of Alphabet, Inc. and a Delaware limited liability company with a principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google admits that it operates a division named Google Nest ("Nest"), which designs smart thermostats. Google admits that its registered agent is the Corporation Service Company, located at 211 East 7th Street, Suite 620, Austin, Texas 78701. Google admits it has been registered to do business in the State of Texas since November 17, 2006. Google denies the remaining allegations of paragraph 5.

## JURISDICTION AND VENUE

6. Google admits that the Complaint purports to arise under the patent laws of the United States, Title 35 of the United States Code. Google admits that this Court has subject matter jurisdiction over patent law claims arising under 28 U.S.C. §§ 1331 and 1338(a). Google denies the remaining allegations of paragraph 6.

7. Google admits that it has conducted and does conduct business in the State of Texas and within the Western District of Texas. Google denies the remaining allegations of paragraph 7. Google specifically denies that it has committed and continues to commit acts of infringement in the Western District of Texas or any other District.

8. Google admits that it maintains a corporate office at 500 West 2nd Street, Austin, Texas 78701. Google denies the remaining allegations of paragraph 8. Google specifically denies that it has committed acts of direct or indirect infringement in the Western District of Texas or any other District. Google denies that venue over Plaintiff's patent claims is proper under 28 U.S.C. §§ 1391(c) and 1400(b) under the proper statutory interpretation. *See* generally, *TC Heartland LLC v. Kraft Foods Group Brands,* LLC, 581 U.S. 1517 (2017). Google further denies that this district is the most convenient venue for adjudicating Plaintiff's claims against

Google. The Northern District of California is the most convenient venue for adjudicating Plaintiff's claims against Google.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,180,492

9. Google reasserts and incorporates its responses to paragraphs 1 through 8 of the Complaint.

10. Google admits that what appears to be a copy of United States Patent No. 8,180,492 ("the '492 Patent") is attached as Exhibit 1 to the Complaint. Google admits that Exhibit 1 to the Complaint is titled "System and method for using a networked electronic device as an occupancy sensor for an energy management system" and bears an issue date of May 15, 2012. Google denies that the '492 Patent was duly and legally issued. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 10 and, therefore, denies them.

11. Google admits that it offers for sale and sells the 3rd Generation Google Nest Learning Thermostat. Google denies the remaining allegations of paragraph 11. Google specifically denies that it directly infringes any claims of the '492 Patent, either literally or under the doctrine of equivalents.

12. Google admits that it became aware of the Complaint and EcoFactor's allegations contained therein when it was served with the Complaint. Google denies the remaining allegations of paragraph 12.

13. Denied.

14. Denied.

15. Denied.

16. Google admits that claim 10 of the '492 Patent recites: "A system for altering the setpoint on a thermostat for space conditioning of a structure comprising: at least one thermostat having at least a first temperature setpoint associated with a non-occupied structure, and at least a second temperature setpoint associated with the existence of occupants in said structure." Google admits that paragraph 16 of the Complaint includes an excerpt from the web page located at https://support.google.com/googlenest/answer/9249866?hl=en&ref_topic=9361968 as available on or around the filing date of the Complaint. Google denies the remaining allegations of paragraph 16.

17. Google admits that claim 10 of the '492 Patent recites: "one or more electronic devices having at least a graphic user interface comprising a display wherein said electronic devices receive input from one or more users and wherein use of said electronic devices comprises at least one of cursor movement, keystrokes or other user interface actions intended to alter a state of one or more of said electronic devices by one or more users wherein activity of one or more networked electronic devices indicates whether said thermostat should be changed from said first temperature setpoint to said second temperature setpoint." Google admits that paragraph 17 of the Complaint includes excerpts from the web pages located at https://support.google.com/googlenest/answer/9249866?hl=en&ref_topic=9361968, https://support.google.com/googlenest/answer/9244728, and https://support.google.com/googlenest/answer/9246532 as available on or around the filing date of the Complaint. Google denies the remaining allegations of paragraph 17.

18. Google admits that claim 10 of the '492 Patent recites: "wherein said electronic devices and said thermostat are connected to a network; an application comprising one or more computer processors in communication with said network, wherein said application determines

whether said one or more electronic devices are in use and in response, whether said thermostat is set to said first temperature setpoint that indicates said structure is not occupied." Google admits that paragraph 18 of the Complaint includes excerpts from the web pages located at https://support.google.com/googlenest/answer/9249866?hl=en&ref_topic=9361968, https://support.google.com/googlenest/answer/9244728, and https://support.google.com/googlenest/answer/9261489 as available on or around the filing date of the Complaint. Google denies the remaining allegations of paragraph 18.

  19. Google admits that claim 10 of the '492 Patent recites: "said application determining that said one or more users has previously indicated a preference that said user's input be obtained before automatically changing said first HVAC temperature setpoint to said second HVAC temperature setpoint indicating that said structure is deemed to be occupied; said application prompting said one or more users based on said determining that said one or more of said user's input should be obtained, wherein said application provides electronic notice to one or more of said users of said electronic devices that said thermostat is set for a non-occupied structure and whether to keep said first temperature setpoint or change to said second temperature setpoint; and wherein said application in response to said prompting, receives input from said one or more users to keep said first HVAC temperature setpoint; and wherein said thermostat is kept at said first temperature setpoint based upon said input from said one or more users." Google admits that paragraph 19 of the Complaint includes excerpts from the webpages located at https://support.google.com/googlenest/answer/9249866?hl=en&ref_topic=9361968, https://support.google.com/googlenest/answer/9244728, https://support.google.com/googlenest/answer/9261489, https://support.google.com/googlenest/answer/9243487,

https://support.google.com/googlenest/answer/9246532, and

https://support.google.com/googlenest/answer/9257400 as available on or around the filing date of the Complaint. Google denies the remaining allegations of paragraph 19.

20.     Google admits that it offers for sale and sells the 3rd Generation Google Nest thermostats. Google denies the remaining allegation of paragraph 20. Google specifically denies that it has injured Plaintiff and denies that it is liable for infringement of the '492 Patent pursuant to 35 U.S.C. § 271.

21.     Denied. Google specifically denies that it infringes or has infringed the '492 Patent and denies that Plaintiff is entitled to any damages, interests, or costs.

22.     Denied. Google specifically denies that it infringes or has infringed the '492 Patent and denies that it has injured and will continue to injure Plaintiff.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,412,488**

23.     Google reasserts and incorporates its responses to paragraphs 1 through 22 of the Complaint.

24.     Google admits that what appears to be a copy of United States Patent No. 8,412,488 ("the '488 Patent") is attached as Exhibit 2 to the Complaint. Google admits that Exhibit 2 to the Complaint is titled "System and method for using a network of thermostats as tool to verify peak demand reduction" and bears an issue date of April 2, 2013. Google denies that the '488 Patent was duly and legally issued. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 24 and, therefore, denies them.

25.     Google admits that it offers for sale and sells the 3rd Generation Google Nest Learning Thermostat. Google denies the remaining allegations of paragraph 25. Google

specifically denies that it directly infringes any claims of the '488 Patent, either literally or under the doctrine of equivalents.

26. Google admits that it became aware of the Complaint and EcoFactor's allegations contained therein when it was served with the Complaint. Google denies the remaining allegations of paragraph 26.

27. Denied.

28. Denied.

29. Denied.

30. Google admits that claim 1 of the '488 Patent recites: "A system for monitoring the operational status of an HVAC system comprising: at least one HVAC control system associated with a first structure that receives temperature measurements from at least a first structure conditioned by at least one HVAC system." Google admits that paragraph 30 of the Complaint includes an excerpt from the web page located at https://support.google.com/googlenest/answer/9246532?hl=en as available on or around the filing date of the Complaint. Google denies the remaining allegations of paragraph 30.

31. Google admits that claim 1 of the '488 Patent recites: "one or more processors that receive measurements of outside temperatures from at least one source other than said HVAC system." Google admits that paragraph 31 of the Complaint includes excerpts from the web pages located at https://support.google.com/googlenest/answer/9246532, https://store.google.com/product/nest_learning_thermostat_3rd_gen, and https://support.google.com/googlenest/answer/9249796 as available on or around the filing date of the Complaint. Google denies the remaining allegations of paragraph 31.

32. Google admits that claim 1 of the '488 Patent recites: "wherein said one or more processors compares the inside temperature of said first structure and the outside temperature over time to derive an estimation for the rate of change in inside temperature of said first structure in response to outside temperature."  Google admits that paragraph 32 of the Complaint includes excerpts from the web pages located at

https://support.google.com/googlenest/answer/9249796 and

https://support.google.com/googlenest/answer/9246532 as available on or around the filing date of the Complaint.  Google denies the remaining allegations of paragraph 32.

33. Google admits that it offers for sale and sells the 3rd Generation Google Nest thermostats.  Google denies the remaining allegations of paragraph 33.  Google specifically denies that it has injured Plaintiff and denies that it is liable for infringement of the '488 Patent pursuant to 35 U.S.C. § 271.

34. Denied.  Google specifically denies that it infringes or has infringed the '488 Patent and denies that Plaintiff is entitled to any damages, interests, or costs.

35. Denied.  Google specifically denies that it infringes or has infringed the '488 Patent and denies that it has injured and will continue to injure Plaintiff.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,738,327**

36. Google reasserts and incorporates its responses to paragraphs 1 through 35 of the Complaint.

37. Google admits that what appears to be a copy of United States Patent No. 8,738,327 ("the '327 Patent") is attached as Exhibit 3 to the Complaint.  Google admits that Exhibit 3 to the Complaint is titled "System and method for using a network of thermostats as tool to verify peak demand reduction" and bears an issue date of May 27, 2014.  Google denies

that the '327 Patent was duly and legally issued. Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 37 and, therefore, denies them.

38. Google admits that it offers for sale and sells the 3rd Generation Google Nest Learning Thermostat. Google denies the remaining allegations of paragraph 38. Google specifically denies that it directly infringes any claims of the '327 Patent, either literally or under the doctrine of equivalents.

39. Google admits that it became aware of the Complaint and EcoFactor's allegations contained therein when it was served with the Complaint. Google denies the remaining allegations of paragraph 39.

40. Denied.

41. Denied.

42. Google admits that claim 1 of the '327 Patent recites: "A system for controlling the operational status of an HVAC system comprising: at least one thermostat associated with a structure that receives temperature measurements from inside the structure, the structure conditioned by at least one HVAC system, the thermostat having at least a first setting stored therein." Google admits that paragraph 42 of the Complaint includes excerpts from the web pages located at https://support.google.com/googlenest/answer/9246532?hl=en and https://support.google.com/googlenest/answer/9249866?hl=en&ref_topic=9361968 as available on or around the filing date of the Complaint. Google denies the remaining allegations of paragraph 42.

43. Google admits that claim 1 of the '327 Patent recites: "one or more servers located remotely from the structure, the one or more servers configured to receive measurements

of outside temperatures from at least one source other than the HVAC system." Google admits that paragraph 43 of the Complaint includes excerpts from the web pages located at https://support.google.com/googlenest/answer/9246532, https://store.google.com/product/nest_learning_thermostat_3rd_gen, and https://support.google.com/googlenest/answer/9249796 as available on or around the filing date of the Complaint. Google denies the remaining allegations of paragraph 43.

44. Google admits that claim 1 of the '327 Patent recites: "the one or more servers are further configured to communicate with the thermostat via a network, wherein the one or more servers receive inside temperatures from the thermostat and compares the inside temperatures of the structure and the outside temperatures over time to derive an estimation for the rate of change in inside temperature of the structure in response to outside temperature." Google admits that paragraph 44 of the Complaint includes excerpts from the web pages located at https://support.google.com/googlenest/answer/9246532, https://store.google.com/product/nest_learning_thermostat_3rd_gen, and https://support.google.com/googlenest/answer/9249796 as available on or around the filing date of the Complaint. Google denies the remaining allegations of paragraph 44.

45. Google admits that claim 1 of the '327 Patent recites: "the one or more servers are further configured to receive a demand reduction request and determine whether the structure is associated with demand rejection request, and based on the determination that the structure is associated with the demand reduction request, the one or more servers are further configured to send a signal to the thermostat to change the setting to a second setting to reduce electricity demand by the HVAC system." Google denies the remaining allegations of paragraph 45.

46.     Google admits that it offers for sale and sells the 3rd Generation Google Nest thermostats.  Google denies the remaining allegation of paragraph 46.  Google specifically denies that it has injured Plaintiff and denies that it is liable for infringement of the '327 Patent pursuant to 35 U.S.C. § 271.

47.     Denied.  Google specifically denies that it infringes or has infringed the '327 Patent.  Google denies that Plaintiff is entitled to any damages, interests, or costs.

48.     Denied.  Google specifically denies that it infringes or has infringed the '327 Patent.  Google denies that it has injured and will continue to injure Plaintiff.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 10,534,382

49.     Google reasserts and incorporates its responses to paragraphs 1 through 48 of the Complaint.

50.     Google admits that what appears to be a copy of United States Patent No. 10,534,382 ("the '382 Patent") is attached as Exhibit 4 to the Complaint.  Google admits that Exhibit 4 to the Complaint is titled "System and method for using a wireless device as a sensor for an energy management system" and bears an issue date of January 14, 2020.  Google denies that the '382 Patent was duly and legally issued.  Google lacks knowledge or information to form a belief about the truth of the remaining allegations of paragraph 50 and, therefore, denies them.

51.     Google admits that it offers for sale and sells the 3rd Generation Google Nest Learning Thermostat.  Google denies the remaining allegations of paragraph 51.  Google specifically denies that it directly infringes any claims of the '382 Patent, either literally or under the doctrine of equivalents.

52.     Google admits that it became aware of the Complaint and EcoFactor's allegations contained therein when it was served with the Complaint. Google denies the remaining allegations of paragraph 52.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Google admits that claim 1 of the '382 Patent recites: "A system for controlling an HVAC system at a user's building, the system comprising: a memory; and one or more processors with circuitry and code designed to execute instructions." Google admits that paragraph 56 of the Complaint includes excerpts from the web pages located at https://support.google.com/googlenest/answer/9249866?hl=en&ref_topic=9361968, https://support.google.com/googlenest/answer/9244728, https://support.google.com/googlenest/answer/9246532, and https://support.google.com/googlenest/answer/9261489 as available on or around the filing date of the Complaint. Google denies the remaining allegations of paragraph 56.

57.     Google admits that claim 1 of the '382 Patent recites: "the one or more processors with circuitry and code designed to execute instructions to receive a first data from at least one sensor, wherein the first data from the at least one sensor includes a measurement of at least one characteristic of the building." Google admits that paragraph 57 of the Complaint includes excerpts from the web pages located at https://support.google.com/googlenest/answer/9249866?hl=en&ref_topic=9361968, https://support.google.com/googlenest/answer/9244728, and

https://support.google.com/googlenest/answer/9246532 as available on or around the filing date of the Complaint.  Google denies the remaining allegations of paragraph 57.

58.     Google admits that claim 1 of the '382 Patent recites: "the one or more processors with circuitry and code designed to execute instructions to receive a second data from a network connection, wherein the second data from the network connection is collected from a source external to the building, wherein the second data from the network connection is received via the Internet."  Google denies the remaining allegations of paragraph 58.

59.     Google admits that claim 1 of the '382 Patent recites: "the one or more processors with circuitry and code designed to execute instructions to receive a first temperature setpoint for the building corresponding to a desired temperature setting when the building is occupied, and a second temperature setpoint for the building corresponding to a desired temperature setting when the building is unoccupied."  Google denies the remaining allegations of paragraph 59.

60.     Google admits that claim 1 of the '382 Patent recites: "the one or more processors with circuitry and code designed to execute instructions to receive commands through the Internet by way of a remote interface on a mobile, wireless device running software application code; wherein the interface is configured to allow the user to adjust temperature setpoints for the HVAC system; the one or more processors with circuitry and code designed to execute instructions to send user-specific data through the Internet, wherein user-specific information about the building and HVAC system is generated based at least in part on the user-specific data, wherein the user-specific information is configured to be presented on a user interface on a mobile, wireless device running software application code via the Internet."  Google denies the remaining allegations of paragraph 60.

61.     Google admits that claim 1 of the '382 Patent recites: "the one or more processors with circuitry and code designed to execute instructions to determine whether the building is occupied or unoccupied, and based on that determination, to control the HVAC system to provide heating or cooling to the building at an operational temperature." Google denies the remaining allegations of paragraph 61.

62.     Google admits that claim 1 of the '382 Patent recites: "wherein the one or more processors comprises a first processor with circuitry and code designed to execute instructions, which is located remotely from the memory and is not electrically connected to the memory; the first processor with circuitry and code designed to execute instructions to communicate with the memory." Google denies the remaining allegations of paragraph 62.

63.     Google admits that claim 1 of the '382 Patent recites: "wherein the memory is configured to store historical values of the first data and second data." Google admits that paragraph 63 of the Complaint includes excerpts from the web pages located at https://support.google.com/googlenest/answer/9249866?hl=en&ref_topic=9361968, https://support.google.com/googlenest/answer/9247300, https://support.google.com/googlenest/answer/9247510, and https://support.google.com/googlenest/answer/9246532 as available on or around the filing date of the Complaint. Google denies the remaining allegations of paragraph 63.

64.     Google admits that it offers for sale and sells the 3rd Generation Google Nest thermostats. Google denies the remaining allegations of paragraph 64. Google specifically denies that it has injured Plaintiff and denies that it is liable for infringement of the '382 Patent pursuant to 35 U.S.C. § 271.

65. Denied. Google specifically denies that it infringes or has infringed the '382 Patent and that Plaintiff is entitled to any damages, interests, or costs.

66. Denied. Google specifically denies that it infringes or has infringed the '382 Patent and denies that it has injured and will continue to injure Plaintiff.

## PRAYER FOR RELIEF

67. No response is required for the paragraphs setting forth the statement of relief requested by Plaintiff. Google denies that Plaintiff is entitled to any of the requested relief and denies any allegations.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Google specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST DEFENSE – NON-INFRINGEMENT

68. Google has not infringed and does not infringe any valid and enforceable claim of the '492 Patent, the '488 Patent, the '327 Patent, or the '382 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents. Google is not liable for infringement of any valid and enforceable claim of the '492 Patent, the '488 Patent, the '327 Patent, or the '382 Patent. Google also has not willfully infringed the '492 Patent, the '488 Patent, the '327 Patent, or the '382 Patent.

## SECOND DEFENSE – PATENT INVALIDITY

69. The claims of the '492 Patent, the '488 Patent, the '327 Patent, and the '382 Patent are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter.

70. The claims of the '492 Patent, the '488 Patent, the '327 Patent, and the '382 Patent are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty and are taught and suggested by the prior art.

71. The claims of the '492 Patent, the '488 Patent, the '327 Patent, and the '382 Patent are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

72. The claims of the '492 Patent, the '488 Patent, the '327 Patent, and the '382 Patent are invalid due to obviousness-type double patenting.

73. The claims of the '492 Patent, the '488 Patent, the '327 Patent, and the '382 Patent are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

74. The claims of the '492 Patent, the '488 Patent, the '327 Patent, and the '382 Patent are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 116.

## THIRD DEFENSE – PROSECUTION HISTORY ESTOPPEL

75. By reason of statements, representations, concessions, admissions, arguments, and/or amendments, whether explicit or implicit, made by or on behalf of the applicants during the prosecution of the patent applications that led to the issuance of the '492 Patent, the '488 Patent, the '327 Patent, and/or the '382 Patent, Plaintiff's claims against Google are barred in whole or in part by the doctrine of prosecution history estoppel.

### FOURTH DEFENSE – ESTOPPEL

76. Upon information and belief, Plaintiff's claims against Google are barred, in whole or in part, by the doctrine of unclean hands, the doctrine of estoppel, prosecution laches, disclaimer, patent misuse, and/or waiver.

### FIFTH DEFENSE – COLLATERAL ESTOPPEL

77. Upon information and belief, Plaintiff's claims against Google are barred, in whole or in part, by the doctrine of collateral estoppel, the *Kessler* doctrine, or the doctrine of res judicata.

### SIXTH DEFENSE – IMPROPER VENUE

78. Venue for this case is not proper in this district. Plaintiff is barred from pursuing its claims in the Western District of Texas because venue is improper under the proper statutory interpretation of 28 U.S.C. §§ 1391(c) and 1400(b).

### SEVENTH DEFENSE – LIMITATION ON PATENT DAMAGES

79. Plaintiff's claims for damages, if any, against Google for alleged infringement of the asserted patents are limited by 35 U.S.C. §§ 286, 287, and/or 288.

### EIGHTH DEFENSE – SUBSTANTIAL NON-INFRINGING USES

80. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the asserted patents.

### NINTH DEFENSE – FAILURE TO STATE A CLAIM

81. Plaintiff's Complaint fails to state a claim upon which relief may be granted, including, but not limited to, failure of Plaintiff's Complaint to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Google prays for judgment as follows:

A. A judgment dismissing Plaintiff's Complaint against Google with prejudice;

B. A declaration that Google has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, and either literally or under the doctrine of equivalents, any valid and enforceable claim of the asserted patents;

C. A declaration that the asserted patents are invalid and unenforceable;

D. A declaration that this case is exceptional and an award to Google of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

E. A judgment limiting or barring Plaintiff's ability to enforce the asserted patents in equity; and

F. Such other and further relief as this Court may deem just and proper.

Date: May 27, 2020

Respectfully submitted,

By: */s/ Bijal V. Vakil with permission, by Michael E. Jones*
Michael E. Jones
Potter Minton PC
110 N College, Suite 500
Tyler, TX  75702
Telephone:  (903) 597-8311
Email: mikejones@potterminton.com

Bijal V. Vakil (CA Bar No. 192878)
(*admitted to the Western District of Texas*)
Eric Lancaster (*Pro Hac Vice*)
White & Case LLP

3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA  94306
Telephone:  (650) 213-0324
Email:  WCGoogleEcofactorWDTex@whitecase.com

Shamita Etienne Cummings (CA Bar No. 202090)
(*admitted to the Western District of Texas*)
Michael J. Songer (*Pro Hac Vice*)
White & Case LLP
701 Thirteenth Street NW
Washington, DC  20005
Telephone:  (202) 626-6496
Email: WCGoogleEcofactorWDTex@whitecase.com

Counsel For Google LLC

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on May 27, 2020, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

*/s/ Michael E. Jones*
Michael E. Jones