UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 6:20-cv-00075-ADA<br><br>JURY TRIAL DEMANDED |
| ECOFACTOR, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>ECOBEE, INC.,<br><br>        Defendant. | Case No. 6:20-cv-00078-ADA<br><br>JURY TRIAL DEMANDED |
| ECOFACTOR, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>VIVINT, INC.,<br><br>        Defendant. | Case No. 6:20-cv-00080-ADA<br><br>JURY TRIAL DEMANDED |

**STIPULATED DISCOVERY ORDER**

    1.    **Purpose.** This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

    2.    **General Provisions.**

1

a. **Proportionality.** Parties are expected to use reasonable, good-faith, and proportional efforts to preserve, identify, and produce relevant information consistent with Fed. R. Civ. P. 26(b)(1).[1] This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery, and other parameters to limit and guide preservation and discovery issues. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

b. **Preservation of Discoverable Information.** A party has a common law obligation to take reasonable and proportionate steps to preserve discoverable information in the party's possession, custody, or control.

    i. These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B), and ESI from these sources will be preserved pursuant to normal business retention, but not searched, reviewed, or produced:

        1. backup systems and/or tapes used for disaster recovery;

        2. systems logs, server logs, and network logs; and

        3. systems no longer in use that cannot be accessed.

    ii. Following the Court's guidance that it "will not require general search and production of email or other electronically stored information (ESI), absent a showing of good cause," and in furtherance of the Federal Rules on proportionality, the categories of ESI identified in Schedule A attached hereto need not be searched, collected, or preserved.

c. **Privilege and Privacy.**

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

      i.      The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

      ii.      With respect to information generated after October 23, 2019, parties are not required to include any such information in any privilege logs.

      iii.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

      iv.      Pursuant to Federal Rules of Evidence 502(d) and (e), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. Information that contains privileged matter or attorney work product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided.

      v.      Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Disclosures among defendants' attorneys of work product or other communications relating to issues of common interest shall not affect or be deemed a waiver of any applicable privilege or protection from disclosure.

      vi.      Nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

3.    **Data Sources**:

    a.    **Custodians.**  Subject to any exclusions set forth herein, if proportionate to the needs of the case, as contemplated by Fed. R. Civ. P. 26(b)(1), the parties shall meet and confer to identify no more than 3 custodians most likely to have discoverable information in their possession, custody, or control.

    b.    **Non-custodial data sources.**  Subject to any exclusions set forth herein, the parties agree to identify and collect non-custodial sources of data to the extent a party reasonably anticipates the source may contain non-duplicative, discoverable documents.  The parties agree to limit the scope of discovery from non-custodial sources if it is unduly burdensome or otherwise disproportionate as contemplated by Fed. R. Civ. P. 26(b)(1).

    c.    **Date range**:  The parties have agreed that they will not be obligated to produce source code or object code that was implemented in products or services only for the period prior to January 31, 2014.  The parties have not otherwise agreed to limit the scope of discovery based on date ranges.

4.    **Specific Discovery Issues.**

    a.    **Search methodology.**

      i.    [**Optional**: If the parties agree to exchange search terms to be used to locate potentially responsive ESI, each party may propose a list of 5 terms to be used by the opposing party (irrespective of any other terms the party may employ to locate documents for potential use in the litigation). The parties shall meet and confer on any modifications to the

proposed terms needed to improve their efficacy in locating discoverable information and ensuring that the terms are proportional to the needs of the case as required by Fed. R. Civ. P. 26(b). Absent a showing of good cause, a requesting party may not request additional terms to be used in connection with the electronic searches.  The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "UI" and "desktop") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is expected. ]

                ii.      Each party will use its best efforts to filter out common system files and application executable files by using a commercially reasonable hash identification process. Hash values that may be filtered out during this process are located in the National Software Reference Library ("NSRL") NIST hash set list. Additional culling of file types based on file header information may include, but are not limited to: Application Package File, Backup Files, Batch Files, Binary Disc Image, C++ File Formats, Cascading Style Sheet, Configuration File, Database File, Dictionary files, Dynamic Link Library, Event Log Files, Executables Files, Hypertext Cascading Stylesheet, Java Archive Files, JavaScript files, JavaScript Source Code and Class Files, Macintosh Resource Fork Files, MP3 Files, MP4 Files, Package Manager Files, Program Files, Program Installers, Python Script Files, Quicktime Files, Shell Script Files, System or Temporary Files, Thumbnail Cache Files, Troff Files, TrueType Font Files, Video Media Files, Waveform Audio File Format, Windows Cabinet File, Windows Command Files,

Windows File Shortcut, Windows Help Files, Windows Metafiles and Enhanced Metafiles, Windows Spool Files, Windows System File.

              iii.     A party is required to produce only a single copy of a responsive document, and a party may de-duplicate responsive ESI across Custodians. A party may also de-duplicate email threads and attachments as follows: In an email thread, only the most evolved responsive email in a thread will be produced. Where an earlier-in-thread email has a responsive attachment not contained within the most evolved responsive email, the most evolved earlier-in-thread email containing the attachment will also be produced along with its attachment.

    b.  **Format.**  ESI and non-ESI shall be produced to the requesting party in the formats described in Schedule B.  If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

    c.  **Source Code.**  No provision of this Order affects the inspection or production of source code, which will be collected and made available consistent with the Protective Order governing this case.

    d.  **Technology-Assisted Review.** Nothing in this Order prevents the parties from agreeing to use technology-assisted review and other techniques insofar as their use improves the efficacy of discovery.

    **5.  Cross Use.**  A party's documents that were produced with Bates numbers in the ITC Investigation No. 337-TA-1185 can be used in the above captioned district court cases, with the same Bates number.  Such documents will be subject to the corresponding confidentiality designations applicable in this litigation.  In addition, the parties may provide new or additional designation for such documents.  The parties agree that documents and things shall also remain

subject to the Protective Order entered in Investigation No. 337-TA-1185, notwithstanding the fact that some materials subject to the aforementioned Protective Order may be used in the district court cases. The parties do not concede or otherwise accept that any document, testimony, or other information produced, served, transcribed, or filed in Investigation No. 337-TA-1185 is relevant, responsive, or admissible as evidence in the district court cases.

6. **Modification.**

This Stipulated Order may be modified by the parties or by the Court for good cause shown. Any such modified Stipulated Order will be titled sequentially as follows, "First Modified Stipulated Discovery Order."

**IT IS SO STIPULATED**, through Counsel of Record.

Dated:   April 20, 2021

/s/ *Reza Mirzaie*

Reza Mirzaie
Marc A. Fenster
Paul A. Kroeger
C. Jay Chung
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
prkoeger@raklaw.com
jchung@raklaw.com

***Counsel for Plaintiff EcoFactor, Inc.***

By: /s/ *Bijal V. Vakil*
Michael J. Songer (*Pro Hac Vice*)
Shamita Etienne-Cummings (CA Bar No. 202090)
(*admitted to the Western District of Texas*)
White & Case LLP
701 Thirteenth Street NW
Washington, DC  20005
Telephone:  (202) 626-6496
Email: WCGoogleEcofactorWDTex@whitecase.com

Bijal V. Vakil (CA Bar No. 192878)
(*admitted to the Western District of Texas*)
White & Case LLP
3000 El Camino Real
Two Palo Alto Square, Suite 900
Palo Alto, CA  94306
Telephone:  (650) 213-0324
Email:  WCGoogleEcofactorWDTex@whitecase.com

Michael E. Jones
Potter Minton PC
110 N. College, Suite 500
Tyler, TX  75702
Telephone:  (903) 597-8311
Email: mikejones@potterminton.com

**Counsel for Google LLC**

By: /s/ *Daisy Manning*
Jennifer Parker Ainsworth
Texas State Bar No. 00784720
Wilson, Robertson & Cornelius P.C.
909 ESE Loop 323, Suite 400
Tyler, TX  75701
Telephone: (903) 509-5000
jainsworth@wilsonlawfirm.com

Timothy Carroll
Tim.carroll@dentons.com
Manny J. Caixeiro
Manny.caixeiro@dentons.com
Dentons US LLP

233 South Wacker Drive, Suite 5900
Chicago, IL  60606
Telephone:  (312) 876 8000

Rudolph A. Telscher, Jr.
rudy.telscher@huschblackwell.com
Kara R. Fussner
Kara.Fussner@huschblackwell.com
Daisy Manning
daisy.manning@huschblackwell.com
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: 314-480-1500

Ryan B. Hauer
Ryan.Hauer@huschblackwell.com
Husch Blackwell LLP
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Telephone: 312-526-1572

**Counsel for ecobee, Inc.**

By: */s/ Jonathan Hardt*
Fred I. Williams (Lead Attorney)
State Bar No. 00794855
fwilliams@wsltrial.com
Jonathan Hardt
State Bar No. 24039906
jhardt@wsltrial.com
Williams Simons & Landis PLLC
327 Congress Avenue, Suite 490
Austin, TX  78701
Telephone:  (512) 543-1354

Todd E. Landis (admitted *pro hac vice*)
State Bar No. 24030226
tlandis@wsltrial.com
Williams Simons & Landis PLLC
2633 McKinney Avenue, Suite 130 #366
Dallas, TX  75204
Telephone: (512) 543-1357

**Counsel for Vivint, Inc.**

9

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated: _____    _____

United States District / Magistrate Judge

## SCHEDULE A

1. Deleted, slack, fragmented, or other data only accessible by forensics.

2. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

3. On-line access data such as temporary internet files, history, cache, cookies, and the like.

4. Data in metadata fields that are frequently updated automatically, such as last-opened dates.

5. Automatically saved versions of documents and emails.

6. Voice messages.

7. Instant messaging and chat application data.

8. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

9. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

10. Logs of calls made from mobile devices.

11. Video and audio recordings.

12. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

13. Data remaining from systems no longer in use that is unintelligible on the systems in use.

14. Information created or copied during the routine, good-faith performance of processes for the deployment, maintenance, retirement, and disposition of computer equipment.

# SCHEDULE B
# PRODUCTION FORMAT AND METADATA

1. **Production Components.** Productions shall include, single page TIFFs and/or color JPEGs, Text Files, an ASCII delimited metadata file (.txt, .dat, or .csv) and an image load file (e.g., .opt) that can be loaded into commercially acceptable production software (e.g., Disco, Relativity or Concordance).

2. **Image Load File** shall contain the following comma-delimited fields: BEGBATES, VOLUME, IMAGE FILE PATH, DOCUMENT BREAK, FOLDER BREAK, BOX BREAK, PAGE COUNT.

3. **Metadata Fields and Metadata File.** The parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists. The parties are not obligated to populate manually any of the fields below if such fields cannot be extracted from a document, with the exception of the following: BEGBATES, ENDBATES, BEGATTACH, ENDATTACH, and CUSTODIAN. The metadata file shall be delimited according to the following characters:
    - Delimiter = ¶ (ASCII:020)
    - Text-Qualifier = þ (ASCII:254)
    - New Line = ® (ASCII:174)
    - Multi-value delimiter - ; (ASCII Code 059)

| Field Name | Field Description |
|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image |
| ENDBATES | Ending Bates number as stamped on the production image |
| BEGATTACH | First production Bates number of the first document in a family |
| ENDATTACH | Last production Bates number of the last document in a family |
| CUSTODIAN | Includes the Individual (Custodian) from whom the documents originated and all Individual(s) whose documents de-duplicated out (De-Duped Custodian). |
| SUBJECT | Subject line of email |
| TITLE | Title from properties of document |
| DATESENT | Date email was sent (format: MM/DD/YYYY) |
| TO | All recipients that were included on the "To" line of the email |

| FROM | The name and email address of the sender of the email |
|---|---|
| CC | All recipients that were included on the "CC" line of the email |
| BCC | All recipients that were included on the "BCC" line of the email |
| AUTHOR | Any value populated in the Author field of the document properties |
| FILENAME | Filename of an electronic document (Edoc or attachment) |
| DATELASTMOD | Date an electronic document was last modified or created (format: MM/DD/YYYY) (Edoc or attachment) |
| CREATEDATE | Date the document was created (format: MM/DD/YYYY) (Edoc or attachment) |
| FILE_SIZE | Size (in bytes) of an electronic document (Edoc or attachment) |
| FILEEXT | Suffix to a filename that indicates the file format of its content (Edoc or attachment) |
| NATIVEPATH | Native File Link (Native Files only) |
| OCRPATH | Link to text files |
| CONFIDENTIALITY DESIGNATION | Confidentiality Designation of the document in accordance with the Protective Order |

4. **TIFFs and JPEGs.** Documents that exist only in hard copy format shall be scanned and produced as TIFFs or color JPEGs. Unless excepted below, documents that exist as ESI shall be converted and produced as TIFFs or color JPEGs. Unless excepted below, single page Group IV TIFFs (1 bit, B&W) should be provided, at least 300 dots per inch (dpi) for all documents. Each TIFF image shall be named according to a unique corresponding Bates number associated with the document. Each image shall be branded according to the Bates number and the agreed upon confidentiality designation. Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). TIFFs shall show all text and images that would be visible to a user of the original documents.

5. **Text Files.** A single multi-page text file shall be provided for each document, and the filename should match its respective TIFF or JPEG filename. A commercially acceptable technology for optical character recognition "OCR" shall be used for all scanned, hard copy documents. When possible, the text of native files should be extracted directly from the native file. Text files will not contain the redacted portions of the documents and

13

OCR text files will be substituted instead of extracted text files for redacted documents. All documents shall be produced with a link in the TextLink field.

6. **Image Load Files / Data Load Files.** Each TIFF or JPEG in a production must be referenced in the corresponding image load file. The total number of documents referenced in a production's data load file should match the total number of designated document breaks in the Image Load file(s) in the production. The total number of pages referenced in a production's image load file should match the total number of TIFF or JPEG files in the production. The total number of documents in a production should match the total number of records in the data load file.

7. **Bates Numbering.** All images must be assigned a unique Bates number that is sequential within a given document and across the production sets. Bates numbers must be a constant length that is zero padded (e.g., ABC0000001) and cannot contain spaces.

8. **Confidentiality Designation.** Responsive documents in TIFF or JPEG format will be stamped with the appropriate confidentiality designations in accordance with the Protective Order in this matter. Each responsive document produced in native format will have its confidentiality designation stamped in the footer of the TIFF or JPEG image placeholder and identified in the filename of the native file.

9. **Redaction Of Information.** If documents are produced containing redacted information, an electronic copy of the original, unredacted data shall be securely preserved in such a manner so as to preserve without modification, alteration or addition the content of such data including any metadata therein, unless metadata is redacted to protect attorney work-product or information protected by attorney-client privilege.

10. **NATIVE FILE PRODUCTIONS.** Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g. comma-separated value (.csv) files and tab-separated value (.tsv) files) shall be produced in either their native format or MS Excel. TIFF images need not be produced unless the files have been redacted, in which instance such files shall be produced in TIFF or JPEG with OCR Text Files. If good cause exists to request production of files, other than those specifically set forth above, in native format, the party may request such production and provide an explanation of the need for native file review, which request shall not unreasonably be denied. Any native files that are produced shall be produced with a link in the NativeLink field, along with extracted text and applicable metadata fields set forth in the table in Paragraph 3 above. A TIFF or JPEG placeholder indicating that the document was provided in native format should accompany the database record. If a file has been redacted, TIFF or JPEG images and OCR text of the redacted document will suffice in lieu of a native file and extracted text.

11. **Proprietary Files.** To the extent a response to discovery requires production of ESI accessible only through proprietary software, the parties should continue to preserve each version of such information. The parties shall meet and confer to finalize the appropriate production format.

12. **Production Media.** Documents shall be encrypted and produced via secured FTP or external hard drives, readily accessible computer(s) or other electronic media ("Production Media"). Each piece of Production Media shall identify a production number corresponding to the production volume (e.g., "VOL001," "VOL002"), as well as the volume of the material in that production (e.g. "-001," "-002"). Each piece of Production Media shall also identify: (1) the producing party's name; (2) the production date; (3) the Bates Number range of the materials contained on the Production Media; and (4) the set(s) of requests for production for which the documents are being produced