NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re: GOOGLE LLC,**
*Petitioner*

2021-144

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-0075-ADA, Judge Alan D. Albright.

**ON PETITION**

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges*.

REYNA, *Circuit Judge*.

**O R D E R**

Google LLC petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer this action to the United States District Court for the Northern District of California. EcoFactor, Inc. opposes the petition.

EcoFactor brought this suit in the Western District of Texas, Waco Division, alleging that Google's Nest Learning Thermostat products infringe EcoFactor's patents. Google, which is headquartered in Mountain View, California, but also has a large office in Austin, Texas, moved to transfer

the infringement action to the Northern District of California pursuant to 28 U.S.C. § 1404(a).

On April 16, 2021, the district court denied Google's motion. The court found that co-pending cases brought by EcoFactor in the same judicial division involving the same patents weighed against transfer, Appx10; the Texas forum was fully open and equipped to safely conduct jury trials, whereas transfer might cause undue delay because the California forum was not currently open for trials due to the COVID-19 pandemic, Appx11; there appeared to be Google employees working from within the Western District of Texas that had material and relevant information, including the Head of Central Region Energy Partnerships for Nest, Appx9; Google had not informed the court that any third party in California was unwilling to travel to Texas to testify or could not testify by video, Appx7–9; Google had not "point[ed] with particularity to any relevant physical documents," nor "confirm[ed] the existence of any physical documents located in the [Northern District of California]," Appx4; and the Western District of Texas had a localized interest because "Google has had a substantial presence in Austin for nearly 14 years," and "[a]s EcoFactor notes, Google has leased significant square feet in office space and currently employs over 1,400 employees in Austin, with plans to expand its presence in Texas even further," Appx12.

The legal standard for mandamus relief is demanding. Before a court may issue the writ, a petitioner must establish, among other things, that the right to relief is "clear and indisputable." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (citation and internal quotation marks omitted). In transfer cases, we ask only whether the district court's transfer ruling was such a "'clear' abuse of discretion" that refusing transfer produced a "'patently erroneous result.'" *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (en banc)).

Under Fifth Circuit law, where a decision applies transfer rules, we must deny mandamus unless it is clear "that the facts and circumstances are without any basis for a judgment of discretion." *Volkswagen*, 545 F.3d at 312 n.7 (citation and internal quotation marks omitted). Google has not met that standard here.

To be sure, Google's mere presence in the Western District of Texas insofar as it is not tethered to the events underlying the litigation is not entitled to weight in analyzing the local interest factor in this case. *See In re Apple Inc.*, 979 F.3d 1332, 1344–45 (Fed. Cir. 2020). Nor should mere allegations of infringement in EcoFactor's selected forum dictate which forum has a greater local interest. *See In re Samsung Electronics Co.*, 2 F.4th 1371 (Fed. Cir. 2021). Nonetheless, we do not find reconsideration necessary in this case, where Google has not made a clear and indisputable showing that transfer was required.

The district court's efficiency determinations are not entirely without basis. Although we may have our doubts as to whether Western Texas is just as convenient as Northern California for prospective evidence and witnesses, the district court found that one or more Google employees in Austin, Texas are potential witnesses, and we are not prepared on mandamus to disturb those factual findings. *See In re Apple Inc.*, 818 F. App'x 1001, 1004 (Fed. Cir. 2020) ("Whether individuals or organizations may have relevant information and whether a certain forum has a localized connection to the relevant conduct and activities in a case are fact-intensive matters often subject to reasonable dispute.").

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

August 04, 2021  /s/ Peter R. Marksteiner
Date  Peter R. Marksteiner
  Clerk of Court

s35