# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC. <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 6:20-cv-00075-ADA |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF DEFENDANT'S AFFIRMATIVE DEFENSES**

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................. 1

III. ARGUMENT ........................................................................................................................ 3

    A. SUMMARY JUDGMENT OF GOOGLE'S PROSECUTION HISTORY ESTOPPEL AFFIRMATIVE DEFENSE IS APPROPRIATE BECAUSE GOOGLE CAN SHOW NO PROPERLY IDENTIFIED FACTS IN SUPPORT, AND THEIR POSITION IS WRONG AS A MATTER OF LAW .......................................... 4

        i. Google failed to properly adduce facts in support of its prosecution history estoppel affirmative defense……………………………………………………...…4

        ii. Even if Dr. Turnbull's opinions are not struck, Google's prosecution history estoppel position is wrong as a matter of law………………………………………5

    B. GOOGLE FAILS TO ADDUCE EVIDENCE IN SUPPORT OF ITS EQUITABLE DOCTRINES AFFIRMATIVE DEFENSES ............................................................................................. 6

    C. GOOGLE'S COLLATERAL ESTOPPEL, IMPROPER VENUE, AND FAILURE TO STATE A CLAIM DEFENSES ARE MOOT ............................................................................................... 9

IV. CONCLUSION .................................................................................................................... 9


# **TABLE OF AUTHORITIES**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ................................................................................................3, 7

*Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.*,
   648 F. App'x 414 (5th Cir. 2016) ..................................................................................3

*Brown v. AT&T Serv. Inc.*,
   236 F. Supp. 3d 1000 (S.D. Tex. 2017) ........................................................................4

*C.R. Bard, Inc. v. M3 Sys., Inc.*,
   157 F.3d 1340 (Fed. Cir. 1998) ....................................................................................7

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .....................................................................................................3

*Certain Smart Thermostat Systems, Smart HVAC Systems, Smart HVAC Control Systems, and
   Components Thereof*, Inv. No. 337-TA-1258 ...............................................................3

*Hazel–Atlas Glass Co. v. Hartford–Empire Co.*,
   322 U.S. 238 (1944) .....................................................................................................7

*Hemstreet v. Computer Entry Sys. Corp.*,
   972 F.2d 1290 (Fed. Cir. 1992) ....................................................................................8

*Hobbs v. McLean*,
   117 U.S. 567 (1886) .....................................................................................................8

*Keystone Driller Co. v. General Excavator Co.*,
   290 U.S. 240 (1933) .....................................................................................................7

*Maguregui v. ADP, LLC*,
   No. EP-16-CV-121-PRM, 2017 WL 5473484 (W.D. Tex. Apr. 10, 2017) ..................4

*Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*,
   324 U.S. 806 (1945) .....................................................................................................7

*Ragas v. Tenn. Gas Pipeline Co.*,
   136 F.3d 455 (5th Cir. 1998) ........................................................................................3

*Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*,
   No. CV 17-1734-RGA, 2021 WL 982726 (D. Del. Mar. 16, 2021) .............................9

*Standard Oil Co. v. United States*,
   429 U.S. 17 ----------------------------------------------------------------------------------------7

*Symbol Techs., Inc. v. Lemelson Med., Educ. & Rsch. Found.*,
   422 F.3d 1378 (Fed. Cir. 2005) --------------------------------------------------------------8

*Symbol Techs., Inc. v. Lemelson Med., Educ. & Rsch. Found., LP,*
   429 F.3d 1051 (Fed. Cir. 2005) --------------------------------------------------------------8

*Tech. Properties Ltd. LLC v. Huawei Techs. Co.*,
   849 F.3d 1349 (Fed. Cir. 2017) --------------------------------------------------------------8

*Therasense, Inc. v. Becton, Dickinson & Co.*,
   649 F.3d 1276 (Fed. Cir. 2011) --------------------------------------------------------------7

*Trading Techs. Int'l, Inc. v. Open E Cry, LLC,*
   728 F.3d 1309 (Fed. Cir. 2013) --------------------------------------------------------------5

**RULES**

Federal Rule of Civil Procedure 26-------------------------------------------------------------------3, 4, 5
Federal Rule of Civil Procedure 37(c)(1)-----------------------------------------------------------3, 4, 5
Federal Rule of Civil Procedure 56(a) -------------------------------------------------------------------1, 3

I.     INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56 Plaintiff EcoFactor, Inc. ("EcoFactor") respectfully moves for summary judgment as to Google's prosecution history estoppel, unclean hands, laches, disclaimer, patent misuse, waiver, collateral estoppel, improper venue, and failure to state a claim affirmative defenses. Google has not identified any documents nor cited any witness testimony in support of these affirmative defenses in response to EcoFactor's interrogatories. The scant responses Google did provide are either irrelevant to these defenses or fail to identify facts which would allow a jury to return a verdict in Google's favor.

Despite failing to disclose the bases for these defenses in discovery, Google's expert witness now opines in his rebuttal report on prosecution history estoppel issues, prejudicing EcoFactor by depriving it of the ability to take fact discovery on these issues and preventing EcoFactor's experts an opportunity to respond. The Court should therefore strike Google's non-infringement expert Dr. Don Turnbull's analysis of the undisclosed prosecution history estoppel opinions at paragraphs 189-197 of his expert report. Even if considered, Dr. Turnbull's opinions cannot support a prosecution history estoppel defense as a matter of law, and so summary judgment on that issue is warranted.

Separately, Google has withdrawn or previously litigated in this case certain of its affirmative defenses, such that they are now moot. Accordingly, the Court should grant EcoFactor's motion for summary judgment of Google's affirmative defenses of prosecution history estoppel, unclean hands, laches, disclaimer, patent misuse, waiver, collateral estoppel, improper venue, and failure to state a claim.

II.    FACTUAL BACKGROUND

On July 1, 2020, Google alleged nine separate affirmative defenses in its Answer to EcoFactor's First Amended Complaint. *See* Dkt. No. 31 at 15-18. On December 16, 2020, EcoFactor propounded interrogatories requesting Google "Set forth all factual bases for, including identification of any documents or witnesses that you contend support your

1

affirmative defenses asserted in your answer." Plaintiff EcoFactor, Inc.'s First Set of Interrogatories to Defendant Google LLC (Ex. A[1]) at 10. On that same day, EcoFactor requested production of "All documents and things that support any affirmative defense." Plaintiff EcoFactor, Inc.'s First Set of Requests for Production to Defendant Google LLC (Ex. B) at 13. Google's initial response to this discovery did not identify any witnesses or documents in support of any of its affirmative defenses. *See* Google LLC's Responses to EcoFactor, Inc.'s First Set of Interrogatories (Ex. C) at 9-14, 16-17; Google LLC's Responses to EcoFactor, Inc.'s First Set of Requests for Production of Documents (Ex. D) at 21-22. On August 24, 2021, Google supplemented its responses to EcoFactor's interrogatories. However, it provided no additional information or citations for its prosecution history estoppel affirmative defense. *See* Google LLC's First Supplemental Responses to EcoFactor, Inc.'s First Set of Interrogatories (Ex. E) at 5-12, 14-16.

With respect to Google's defense of prosecution history estoppel, Google merely "incorporate[ed] by reference its claim construction briefing in this litigation," but provided no other factual bases for this defense. Ex. C at 16; Ex. E. at 14. Google's claim construction briefing raises no prosecution history estoppel issues related to the '488 patent. *See generally* Dkt. Nos. 34, 36, and 39. Furthermore, Google's briefing does not cite to any of the '488 patent's file history as an exhibit. Moreover, Google's expert's declarations in support of Google's claim construction briefing does not cite to the '488 file history. *See generally* Dkt. Nos. 34-1 and 36-1.

Even so, for the first time in Google's expert's rebuttal report of October 22, 2021, Dr. Turnbull opines that "the prosecution of a related patent application" with a different file history, different specification, and different claims should nevertheless support a prosecution history estoppel defense as to the '488 patent at issue in this case. Ex. F, October 22, 2021 Rebuttal Expert Report of Dr. Don Turnbull ("Turnbull Rpt.") ¶ 189-190. Dr. Turnbull's sole

---

[1] Unless indicated otherwise, all citations to exhibits herein are to the Declaration of Reza Mirzaie in support of this motion.

2

basis for this opinion are certain statements found in portions of an appendix to the complaint filed in a separate International Trade Commission ("ITC") Investigation on February 25, 2021. *Id.*; *See Certain Smart Thermostat Systems, Smart HVAC Systems, Smart HVAC Control Systems, and Components Thereof*, Inv. No. 337-TA-1258. However, the documents Dr. Turnbull cites in support were not disclosed until Dr. Turnbull's rebuttal report, fifteen months after Google plead its prosecution history estoppel affirmative defense, and almost ten months after EcoFactor first requested all factual bases for Google's affirmative defenses. Indeed, Dr. Turnbull's rebuttal report is the first time Google provides any indication of its prosecution history estoppel affirmative defense related to the '488 patent.

### III.   ARGUMENT

Pursuant to Federal Rule of Civil Procedure 56, a motion for summary judgment shall be granted when the record demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Further, according to Federal Rule of Civil Procedure 26, Google was required to identify all factual bases for, including identification of any documents or witnesses that it contends supports its affirmative defenses in response to EcoFactor's interrogatories, and to supplement seasonably its responses with any new information. Federal Rule of Civil Procedure 37(c)(1) addresses sanctions for failing to disclose and states, "[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information … to supply evidence … at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P.*, 648 F. App'x 414, 419 (5th Cir. 2016). Moreover, the party facing sanctions under Rule 37(c) has the burden of demonstrating that a violation of Rule 26 was substantially justified or harmless. *See, e.g., Maguregui v. ADP,*

3

*LLC*, No. EP-16-CV-121-PRM, 2017 WL 5473484 at *2 (W.D. Tex. Apr. 10, 2017); *Brown v. AT&T Serv. Inc.*, 236 F. Supp. 3d 1000, 1005 (S.D. Tex. 2017).

### A. Summary Judgment Of Google's Prosecution History Estoppel Affirmative Defense Is Appropriate Because Google Can Show No Properly Identified Facts In Support, And Their Position Is Wrong As A Matter Of Law

EcoFactor respectfully moves for summary judgment as to Google's prosecution history estoppel affirmative defense because Google has failed to properly adduce facts in support of its affirmative defense. The only substantive contentions or evidence provided were in Dr. Turnbull's rebuttal report, long after Google had failed to substantively respond to discovery into its basis for this defense. This opinion should be stricken under Rule 37. But even if Dr. Turnbull's opinions are not struck, his opinions cannot result in prosecution history estoppel as a matter of law.

#### i. Google failed to properly adduce facts in support of its prosecution history estoppel affirmative defense.

Google disclosed no factual bases for its prosecution history estoppel defense during discovery. While Google "incorporate[ed] by reference its claim construction briefing in this litigation," that briefing raises no prosecution history estoppel issues related to the '488 patent. *See generally* Dkt. Nos. 34, 36, and 39. Furthermore, Google's briefing does not cite to any of the '488 patent's file history as an exhibit. *Id.* Moreover, Google's Dr. Turnbull's declarations in support of Google's claim construction briefing do not cite to the '488 file history. *See generally* Dkt. Nos. 34-1 and 36-1.

The only other purported evidence upon which Google might be able to rely is Dr. Turnbull's late disclosed opinions, which should be properly excluded under Fed. R. Civ. P. 26 and 37. Once excluded, these opinions cannot be considered for summary judgment.

Google's failure to disclose information related to its prosecution history estoppel affirmative defense is not substantially justified. Google has been aware of the '488 patent since 2018. Ex. E at 16-17. Furthermore, Dr. Turnbull's October 6, 2020, declaration in support of Google's claim construction briefing indicates he "reviewed the '488 patent and its prosecution

4

history" in preparation for writing his declaration. Dkt. No. 34-1 at 7. Moreover, the ITC Investigation Complaint appendices Dr. Turnbull ultimately cites were filed on February 25, 2021. Even so, Google failed to disclose any bases for its prosecution history estoppel positions related to the '488 patent until Dr. Turnbull's rebuttal expert report on October 22, 2021. Ex. F at ¶¶ 189-197.

Google's decision to wait until Dr. Turnbull's rebuttal report to disclose its prosecution history estoppel positions has not been harmless. Had Google disclosed its support for this affirmative defense in its responses to EcoFactor's interrogatories as required by the Federal Rules of Civil Procedure, EcoFactor could have developed further facts and information through discovery, and EcoFactor's experts could have addressed the issue in their reports.

The Court should therefore strike Dr. Turnbull's analysis found in paragraphs 189-197 under Fed. R. Civ. P. § 37(c), following Google's failure to identify the theory as required by Fed. R. Civ. P. § 26. As a result, summary judgment is proper on this basis alone.

### ii. Even if Dr. Turnbull's opinions are not struck, Google's prosecution history estoppel position is wrong as a matter of law.

Even if considered, Dr. Turnbull's opinions cannot support a prosecution history estoppel defense as a matter of law. *See Trading Techs. Int'l, Inc. v. Open E Cry, LLC*, 728 F.3d 1309, 1323 (Fed. Cir. 2013) (overturning summary judgment that prosecution history estoppel of a related patent applies to a patent at issue because "both [the patent at issue's] claims and its relevant supporting disclosures" differ from the related patent). Here, the claims and supporting disclosures of the patent at issue (U.S. Pat. No. 8,412,488 ("the '2,488 patent"[2]) (Dkt. No. 28-2)) both differ from the patent Dr. Turnbull points to (U.S. Pat. No. 8,886,488 ("the '6,488 patent" (Ex. G)). Specifically, Dr. Turnbull indicates that "EcoFactor amended independent claims 1 and 9 [of the '6,488 patent] to add the word ***'predicted'*** before 'rates of change'" to distinguish other art. Ex. F at ¶ 190 (emphasis added). Dr. Turnbull opines that the underlying

---

[2] Referred to by the last four digits because the patent at issue here is a separate patent from the related patent Dr. Turnbull points to despite having the same last three numbers.

5

rationale for adding "predicted" in the '6,488 patent should likewise apply to the '2,488 patent at issue in this case. However, the '2,488 patent at issue here has both different claim language and different disclosures than the '6,488 patent Dr. Turnbull points to. Indeed, as Dr. Turnbull states, the independent claims of the '2,488 patent at issue here teach "an *estimation*," but do not recite the language "predicted rates of change." *Id.* at ¶ 191 (emphasis added).

| U.S. Pat. No. 8,412,488, claim 1[c] (Patent at issue in this case) | U.S. Pat. No. 8,886,488, claim 1 (Patent Dr. Turnbull points to) |
|---|---|
| "wherein said one or more processors compares the inside temperature of said first structure and the outside temperature over time to derive an **estimation** for the rate of change in inside temperature of said first structure in response to outside temperature" Dkt. No. 28-2 at 18. | "calculate one or more **predicted** rates of change in said inside temperature measurements at said first location based on the status of the HVAC system." Ex. F at ¶ 190; Ex. G. |

Further, Mr. Turnbull admitted at his deposition that the *dependent* claims of the '2,488 patent at issue here recite "prediction," while the *independent* claims only recite "estimation." 11/5/21 Deposition Transcript of Dr. Don Turnbull (Ex. H) at 23:1-26:12. Moreover, Mr. Turnbull acknowledged that the independent claims of the '2,488 patent are broader than its dependent claims. Ex. H at 24:13-17. Additionally, the portions of the specification Dr. Turnbull cites from the '2,488 patent at issue here are distinctly different than the disclosures in the specification of the '6,488 patent. *See* Ex. F at ¶ 191; *compare* Dkt. No. 28-2 (the '2,488 patent) *with* Ex. G (the '6,488 patent). Thus, summary judgment is appropriate on this basis alone as well.

Accordingly, summary judgment should be granted in favor of EcoFactor on Google's prosecution history estoppel affirmative defense.

### B. Google Fails to Adduce Evidence in Support of its Equitable Doctrines Affirmative Defenses

EcoFactor respectfully moves for summary judgment as to Google's equitable doctrines defenses because Google has not identified any factual support that would support a jury's verdict in their favor. There is no issue for trial "unless there is sufficient evidence favoring the

6

non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249. Moreover, disputed facts that are "irrelevant and unnecessary" are not considered by a court when deciding a summary judgment motion. *Id.* at 248.

Google cites no documents and points to no witness testimony in support of its plead defenses of unclean hands, patent misuse, the doctrine of estoppel, prosecution laches, disclaimer, and/or waiver. *See* Dkt. 31 at 17, Ex. E at 14-16. Instead, Google's sole basis for this myriad of equitable defenses is that ███████████████████████████████████████████████████████████████████████████████████ Ex. E at 15. This singular allegation is insufficient as a matter of law, because each of Google's equitable defenses requires actions during prosecution of a patent or a showing of facts beyond a purported delay in filing suit.

The doctrine of unclean hands contemplates "***egregious affirmative acts of misconduct intended to deceive*** both the PTO and the courts." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285-87 (Fed. Cir. 2011) (emphasis added). Supreme Court cases addressing unclean hands involved "particularly egregious misconduct including perjury, the manufacture of false evidence, and the suppression of evidence." *Id.* (citing *Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co.*, 324 U.S. 806, 816–20 (1945); *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 240 (1944), overruled on other grounds by *Standard Oil Co. v. United States*, 429 U.S. 17; *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 243 (1933). Google's lone purported support for this defense identifies no perjury, manufacturing of false evidence, suppression of evidence, nor any other acts of misconduct that could possibly be considered egregious. As a result, no reasonable jury could return a verdict in favor of Google on this issue. Thus, summary judgment denying Google's unclean hands affirmative defense is appropriate.

"[P]atent misuse arises from the equitable doctrine of unclean hands, and relates generally to the use of patent rights to obtain or to ***coerce*** an unfair commercial advantage." *C.R. Bard, Inc. v. M3 Sys., Inc.*, 157 F.3d 1340, 1372 (Fed. Cir. 1998) (emphasis added).

7

Google provides no facts to support a jury's finding of EcoFactor's use of its patent rights to obtain or coerce an unfair economical advantage. An alleged delay in filing suit can hardly be called coercion. Therefore, summary judgment should be granted denying Google's patent misuse affirmative defense.

"An equitable estoppel is raised when there is some ***intended deception*** in the conduct or declarations of the party to be estopped." *Hobbs v. McLean*, 117 U.S. 567, 580 (1886). Google has identified no intent and no deception on the part of EcoFactor. To the extent Google is relying on silence as some purported indicia of intent, "mere silence must be accompanied by some *other* factor which indicates that the silence was sufficiently misleading as to amount to bad faith." *Hemstreet v. Computer Entry Sys. Corp.*, 972 F.2d 1290, 1295 (Fed. Cir. 1992) (emphasis in original). Even so, Google has not identified any other factor which would provide a reasonable jury with a basis on which to find in favor of Google on this affirmative defense. Therefore, summary judgment denying Google's equitable estoppel affirmative defense should be granted.

"[P]rosecution laches may render a patent unenforceable when it has issued only after an unreasonable and unexplained delay ***in prosecution***." *Symbol Techs., Inc. v. Lemelson Med., Educ. & Rsch. Found.*, 422 F.3d 1378, 1385 (Fed. Cir. 2005) (emphasis added), amended on reh'g in part sub nom. *Symbol Techs., Inc. v. Lemelson Med., Educ. & Rsch. Found., LP,* 429 F.3d 1051 (Fed. Cir. 2005). Similarly, the "doctrine [of prosecution disclaimer] does not apply unless the disclaimer is both clear and unmistakable" in an "applicant's statements ***to the PTO***." *Tech. Properties Ltd. LLC v. Huawei Techs. Co.*, 849 F.3d 1349, 1357 (Fed. Cir. 2017) (emphasis added). Here, Google has adduced no evidence that indicates any activity relating to the prosecution of the asserted patents. Thus, summary judgment denying both Google's prosecution laches and disclaimer defenses is appropriate.

Finally, to the extent Google's sole support is meant to indicate some sort of delay in filing suit, this does not support a finding of waiver. Indeed, other courts have granted summary judgment on "Defendant's waiver and acquiescence defenses" that "center[ed] on Plaintiff's

8

delay in filing suit." *Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*, No. CV 17-1734-RGA, 2021 WL 982726, at *11 (D. Del. Mar. 16, 2021). "Plaintiff's silence is not enough to show that it had an 'actual intention' to relinquish its patent rights or that it 'made an affirmative grant of consent or permission' to Defendants' conduct." *Id.* Therefore, summary judgment should be granted denying Google's patent misuse affirmative defense.

Accordingly, Google has not established any disputed material fact on which a jury might reasonably return a verdict in its favor. Accordingly, summary judgment should be granted in favor of EcoFactor on all of Google's equitable defenses.

### C. Google's Collateral Estoppel, Improper Venue, and Failure to State a Claim Defenses Are Moot

Google previously litigated its "Sixth Defense" claiming that "[v]enue for this case is not proper in this district." Dkt. No. 31 at 17. On May 27, 2020, Google moved to transfer venue, which the Court denied on April 16, 2021. *See* Dkt. Nos. 23, 25, 31, and 62. Google then petitioned to the Federal Circuit for a writ of mandamus, which likewise declined to order transfer. Dkt. No. 85. Therefore, Google has already litigated this defense.

Separately, Google's "Fifth Defense" and "Ninth Defense" relate to collateral estoppel and failure to state a claim, respectively. Dkt. No. 31 at 17-18. On November 16, 2021, Google indicated that it "will no longer pursue its collateral estoppel and failure to state a claim defenses." 11/16/21 Email from Google's Counsel (Ex. I). Therefore, these defenses have been withdrawn or abandoned.

Accordingly, Google's collateral estoppel, improper venue, and failure to state a claim defenses are moot. Therefore, summary judgment should be granted in favor of EcoFactor.

### IV. CONCLUSION

For the foregoing reasons, the Court should strike and/or exclude paragraphs 189-197 of Dr. Turnbull's rebuttal expert report, and enter summary judgment on Google's prosecution history estoppel, unclean hands, laches, disclaimer, patent misuse, waiver, collateral estoppel, improper venue, and failure to state a claim affirmative defenses.

9

Date: November 19, 2021                    Respectfully submitted,

                                                                         /s/ Reza Mirzaie

                                                                         Reza Mirzaie
                                                                         Marc A. Fenster
                                                                         Paul A. Kroeger
                                                                         James N. Pickens
                                                                         Kristopher R. Davis
                                                                         Minna Y. Chan
                                                                         Matthew Aichele
                                                                         Adam S. Hoffman
                                                                         Jason M. Wietholter
                                                                         RUSS AUGUST & KABAT
                                                                         12424 Wilshire Boulevard 12th Floor
                                                                         Los Angeles, California 90025
                                                                         Tel: 310-826-7474
                                                                         Fax: 310-826-6991
                                                                         rak_ecofactor@raklaw.com

                                                                         ***Attorneys for Plaintiff EcoFactor, Inc.***

**CERTIFICATE OF SERVICE**

I certify that this document is being served upon counsel of record for Defendant on November 19, 2021 via electronic service.

/s/ Reza Mirzaie
Reza Mirazie