UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 6:20-cv-00075 (ADA) |

## JOINT PROPOSED OMNIBUS ORDER REGARDING PRETRIAL MOTIONS (DKTS. 109, 111, 113, 114, 115, 116, 117, 151, and 153)

Following the January 25, 2022 Final Pretrial Conference in this matter (Dkt. 184), the parties respectfully submit this Joint Proposed Omnibus Order regarding the Court's rulings on the parties' pretrial motions (Dkts. 109, 111, 113, 114, 115, 116, 117, 151, and 153):

| **Motion** | **Ruling** |
|---|---|
| Defendants' Joint Motion for Summary Judgment of Subject Matter Ineligibility under 35 U.S.C. §101 (Dkt. 111) | Denied, but the Court intends to submit second part of section 101 test to the jury. |
| Defendants' Joint Daubert Motion to Exclude Certain Testimony of Dr. Palmer (Dkt. 113) | Denied |
| Google's Motion to Exclude Expert Testimony of David Kennedy (Dkt. 114) | Denied |
| Google's Motion for Summary Judgment that the Asserted Claims (1, 2, 5, and 8) of U.S. Patent No. 8,412,488 Are Invalid Under 35 U.S.C. §112 (Dkt. 115) | Granted |
| EcoFactor's Motion for Summary Judgment of Google's Affirmative Defenses (Dkt. 116) | Granted as to defenses of prosecution history estoppel, prosecution history disclaimer, and |

1

| Motion | Ruling |
|---|---|
|  | venue; Denied as to laches. |
| EcoFactor's Motion to Exclude Expert Opinions of Todd Schoettelkotte (Dkt. 117) | Denied |
| Google's Motion *in Limine* No. 1: The Court should exclude references to $5.16 as an "established royalty" and otherwise exclude evidence of a per-unit royalty rate of $5.16 (Dkt. 151) | Granted with respect to "established royalty"; otherwise denied. |
| Google's Motion *in Limine* No. 2: The Court should exclude evidence of Nest's revenues and profits prior to the January 2020 start of alleged infringement (Dkt. 151) | Denied |
| Google's Motion *in Limine* No. 3: The Court should exclude references to the price Google paid to acquire Nest or any other companies (Dkt. 151) | Denied, but Plaintiff must approach the Court before eliciting evidence on this topic. |
| Google's Motion *in Limine* No. 4: The Court should exclude references to and evidence of the size, value, and revenue of Google's Nest Division (Dkt. 151) | Denied, but neither party may make any pejorative reference to the size of the other. |
| Google's Motion *in Limine* No. 5: The Court should exclude references to the parties' other litigations and claims besides EcoFactor's claims against Google in this case (Dkt. 151) | Granted |
| Google's Motion *in Limine* No. 6: The Court should exclude arguments or evidence that EcoFactor's products practice the asserted patents and evidence of industry praise relying on the same (Dkt. 151) | Granted |
| Google's Motion *in Limine* No. 7: The Court should exclude any testimony by Erik de la Iglesia that accuses instrumentalities other than the processors in the Nest thermostats of infringing the "one or more processors" claim limitations of the '382 patent (Dkt. 151) | Denied |
| EcoFactor's Motion *in Limine* No. 1: To Preclude Evidence Or Argument Regarding EcoFactor's Attorney Fee Agreements Or Regarding Payments Or Non-Payments To EcoFactor's Litigation Counsel, Russ August & Kabat (Dkt. 153) | Granted |
| EcoFactor's Motion *in Limine* No. 2: To Preclude Evidence Or Argument Regarding How, Or To Whom, A Damages Award To | Denied |

| **Motion** | **Ruling** |
|---|---|
| EcoFactor May Be Distributed, Including Its Members' Or Shareholders' Ownership Interests In The Company (Dkt. 153) | |
| EcoFactor's Motion *in Limine* No. 3: To Preclude Evidence Or Argument That if the Jury Were to Award EcoFactor the Damages that it is Seeking from Google, This Would Increase the Price of Google's Products to Customers, Put Google's Manufacturers or Partners Out of Business, or Lead to the Loss of Jobs (Dkt. 153) | Moot. Governed by stipulation in Joint Pretrial Order, H.19. *See* Dkt. 169, at 33. |
| EcoFactor's Motion *in Limine* No. 4: To Preclude Evidence Or Argument Regarding An "Advice Of Counsel" Defense (Dkt. 153) | Granted |
| EcoFactor's Motion *in Limine* No. 5: To Preclude Evidence Or Argument Relating To Documents Originating With Trane That Were Not Timely Produced In This Case, And Further To Preclude Evidence, Argument, Or Suggestion That EcoFactor's Expert Witnesses Should Have Addressed Those Documents In Their Expert Report (Dkt. 153) | Denied |
| EcoFactor's Motion *in Limine* No. 6: To Preclude Evidence Or Argument Regarding The Alleged Number Of Nest Learning Thermostat Third Generation, Nest Thermostat E, Or Nest Thermostat Products That Are Not Currently Connected To A Wi-Fi Network, Based On Documents Not Produced During Fact Discovery And Google's Rebuttal Experts' Off-The-Record Conversations With Fact Witness Manu Sharma, Who Was Never Identified During Fact Discovery As A Person With Knowledge Relevant To This Case (Dkt. 153) | Denied |
| EcoFactor's Motion *in Limine* No. 7: To Preclude Evidence Or Argument On Google's Affirmative Defenses Of Prosecution History Estoppel, Equitable Defenses, Improper Venue, Or Failure To State A Claim (Dkt. 153) | Granted |
| EcoFactor's Motion *in Limine* No. 8: To Preclude Evidence Or Argument That Is Derogatory Of The USPTO Or Its Examiners, Including That They Are "Overworked" Or Substantially Similar Language; Provided, However, The Parties May Use The Following, Or Substantially Similar, Language About The USPTO: "There Is The Possibility That Mistakes Were Made, Or Important Information Overlooked. Examiners Have A Lot Of Work To Do, And No Process Is Perfect." (Dkt. 153) | Granted |

4

| **Motion** | **Ruling** |
|---|---|
| EcoFactor's Motion *in Limine* No. 9: To Preclude Evidence Or Argument That Individual Claim Elements Were Known In The Prior Art. (Dkt. 153) | Denied |

4

Dated:  January 28, 2022

By: */s/ Reza Mirzaie*
RUSS AUGUST & KABAT
Reza Mirzaie
Marc A. Fenster
Paul A. Kroeger
Kristopher Davis
Adam Hoffman
James Pickens
Minna Chan
Jason Wietholter
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rak_ecofactor@raklaw.com

**Attorneys for Plaintiff EcoFactor, Inc.**

Respectfully submitted,
Dated:  January 28, 2022

By: */s/  Robert A. Van Nest*
KEKER, VAN NEST & PETERS LLP
Robert A. Van Nest
Leo L. Lam
Jennifer A. Huber
Kristin Hucek
Patrick E. Murray
Anna Porto
Gregory Washington
633 Battery Street
San Francisco, CA 94111-1809
Telephone:  415 391 5400
Facsimile:  415 397 7188
econest-kvp@keker.com

POTTER MINTON
Michael E. Jones (TX Bar No. 10929400)
mikejones@potterminton.com
Patrick C. Clutter (TX Bar No. 24036374)
patrickclutter@potterminton.com
110 N. College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846

ALLEN & OVERY LLP
Shamita Etienne-Cummings
(*admitted to the Western District of Texas*)
1101 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 683-3810
GoogleEcofactorWDTX@AllenOvery.com

Bijal V. Vakil
(*admitted to the Western District of Texas*)
Eric Lancaster (admitted *Pro Hac Vice*)
530 Lytton Avenue, 2nd Floor
Palo Alto, CA 94301
Telephone: (650) 388-1703
GoogleEcofactorWDTX@AllenOvery.com

**Attorneys for Defendant Google LLC**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on January 28, 2022, the foregoing was served on all counsel of record by e-mail.

<em><u>/s/  Reza Mirzaie</u></em>