UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 6:20-cv-00075 (ADA) |

**PLAINTIFF ECOFACTOR, INC.'S OPPOSED MOTION TO APPROVE FORM
AND FOR ENTRY OF FINAL JUDGMENT**

Pursuant to Fed. R. Civ. P. 58, Plaintiff EcoFactor, Inc. ("EcoFactor") hereby moves the Court to approve the form and for entry of the accompanying Final Judgment in this case, and for good cause shows the following. The parties met and conferred regarding the Motion, and Defendant Google LLC ("Google") indicated that it would oppose at least certain portions of the judgment sought by EcoFactor.

1. On January 31, 2020, Plaintiff EcoFactor filed suit against Defendant Google LLC ("Google"), asserting infringement of U.S. Patent No. 8,180,492 ("'492 Patent"); U.S. Patent No. 8,412,488 ("'488 Patent"); U.S. Patent No. 8,738,327 ("'327 Patent"); and U.S. Patent No. 10,534,382 ("'382 Patent") (collectively, the "Asserted Patents"). Dkt. No. 1.

2. EcoFactor demanded a jury trial on issues so triable. *See id.*

3. On September 24, 2021, prior to the service of opening expert reports, EcoFactor informed Google that, in an effort to streamline the case, it would no longer be pursuing its infringement claims for the '492 patent.

4. On January 25, 2022, the Court granted Google's Motion for Summary Judgment that the Asserted Claims (1, 2, 5, and 8) of U.S. Patent No. 8,412,488 Are Invalid Under 35 U.S.C. § 112. *See* Dkt. No. 192.

1

5. On January 31, 2022, the jury trial on the merits commenced, with EcoFactor proceeding on asserted claim 5 of the '327 Patent and asserted claims 2 and 12 of the '382 Patent.

6. On February 7, 2022, the Court granted Google's motion for judgment as a matter of law, under Fed. R. Civ. P. 50(a), as to EcoFactor's claims of willful infringement.

7. On February 8, 2022, the Court granted Google's motion for judgment as a matter of law, under Fed. R. Civ. P. 50(a), as to EcoFactor's claims of inducement under 35 U.S.C. § 271(b).

8. On February 10, 2022, the jury returned its unanimous verdict as shown on the Verdict Form (Dkt. No. 215), attached hereto as Exhibit A.

9. The jury's returned Verdict Form shows the jury found that (1) Google infringes claim 5 of the '327 Patent; (2) Google does not infringe claim 2 or claim 12 of the '382 Patent; (3) Google failed to prove that any asserted claim is invalid; (4) Google failed to prove that the elements of any asserted claim, when taken individually and when taken as an ordered combination, involve only activities or technology which a person of ordinary skill in the art would have considered to be well-understood, routine, and conventional as of the priority date of the invention; and (5) EcoFactor proved damages in the amount of $20,019,300.00, as a lump sum for all damages, including future sales but excepting pre- and post-judgment interest. Dkt. No. 215.

## ARGUMENT

### I. Judgment Should Be Entered in This Case

Federal Rule of Civil Procedure 58 requires the prompt entry of judgment when the jury returns a verdict with answers to written questions. The jury returned a verdict with answers to written questions on February 10, 2022, and no judgment has been entered to date. EcoFactor respectfully asks that the Court enter the proposed Final Judgment attached hereto as Exhibit B.

### II. The Court Should Award Pre-judgment and Post-judgment Interest

"As a rule, prejudgment interest should be awarded under 35 U.S.C. § 284 absent some justification for withholding such an award." *Whitserve, LLC v. Computer Packages, Inc.*, 694

F.3d 10, 36 (Fed. Cir. 2012). EcoFactor should receive prejudgment interest "to ensure that [it] is placed in as good a position as [it] would have been in had the infringer entered into a reasonable royalty agreement." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983). Moreover, district courts in Texas have consistently held that pre-judgment interest should be based on the prime rate, compounded quarterly, from the date of infringement to the date of judgment. *See, e.g.*, *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elect. Co., Inc.,* No. 4:14-CV-00371, 2017 WL 176589, *4 (E.D. Tex. April 27, 2017) ("Common practice in the Eastern District of Texas is to apply a prejudgment interest rate that compounds the prime rate quarterly."); *Kaneka Corp. v. JBS Hair, Inc.*, No. 3:10-CV-01430-P, 2013 WL 12123946, at *6 (N.D. Tex. Oct. 24, 2013) (adopting same approach); *see also Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986) (the award of pre-judgment interest should be from the date of infringement to the date of final judgment, "since only such award will satisfy Congress' overriding purpose [in section 284] of affording patent owners complete compensation" (internal quotation marks omitted)).

The prime rate, compounded quarterly, has been considered by courts as "a conservative, middle-of-the road approach that takes into account normal market fluctuations." *Westerngeco L.L.C. v. Ion Geophysical Corp.*, 953 F. Supp. 2d 731, 759 (S.D. Tex. 2013). The Supreme Court has stated that the prime rate "reflects the financial market's estimate of the amount a commercial bank should charge a creditworthy commercial borrower to compensate for the opportunity costs of the loan, the risk of inflation, and the relatively slight risk of default." *Till v. SCS Credit Corp.*, 541 U.S. 465, 478 (2004). Awarding interest at the prime rate, compounded quarterly, "better approximates a corporate borrower's costs of funds" than the Treasury Bill rate, which represents the U.S. Government's borrowing rate. *U.S. Philips Corp. v. Iwasaki Elec. Co., Ltd.*, 607 F. Supp. 2d 470, 483 (S.D.N.Y. 2009).

In this case, the jury was instructed that damages began on January 31, 2020. Trial Tr. at 1368:19-21. Starting from this date, EcoFactor's damages expert has calculated pre-judgment interest through April 30, 2022 to be $2,244,059.00 and has provided further calculations for each

day from April 1, 2022 through April 30, 2022 to account for the uncertainty as to the specific date on which final judgment will be entered. *See* Ex. C, Supp. Report of David Kennedy Regarding Pre-judgment Interest. EcoFactor respectfully asks that the Court award the amount of pre-judgment interest listed in the rightmost column of Mr. Kennedy's Table B that corresponds to the date on which final judgment is entered.

With respect to post-judgment interest, 28 U.S.C. § 1961 provides that interest should be allowed on any money judgment, at the statutory rate of the weekly average 1-year constant maturity Treasury yield, computed daily and compounded annually, from the date of entry of judgment. EcoFactor respectfully asks that the Court order post-judgment interest for all money awarded in the requested judgment, including the damages awarded by the jury and any prejudgment interest determined by the Court, with the applicable daily rate to be calculated in good faith by the parties and submitted to the Court within 30 days of its Order.

## **PRAYER**

Wherefore, EcoFactor respectfully requests that the Court approve and sign the form of Final Judgment attached hereto as Exhibit B so that the clerk can promptly enter said judgment.

Date:  March 25, 2022                          Respectfully submitted,

/s/ *Reza Mirzaie*

Reza Mirzaie
Marc A. Fenster
Adam S. Hoffman
Paul A. Kroeger
Kristopher R. Davis
James N. Pickens
Minna Chan
Jason Wietholter
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
ahoffman@raklaw.com
pkroeger@raklaw.com
kdavis@raklaw.com
jpickens@raklaw.com
mchan@raklaw.com
jwietholter@raklaw.com

*Attorneys for Plaintiff EcoFactor, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that this document is being served upon counsel of record for Defendant on March 25, 2022 via electronic service.

/s/ *Reza Mirzaie*