**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| ECOFACTOR, INC., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 6:20-cv-00075 (ADA) |

**GOOGLE LLC'S OPPOSITION TO ECOFACTOR, INC.'S MOTION TO APPROVE
FORM AND FOR ENTRY OF FINAL JUDGMENT**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 1

    A. The Court should not enter judgment in the form proposed by EcoFactor because it fails to comply with Rule 54(a). ............................................................. 1

        1. A Final Judgment should not include any recitals of pleadings or prior orders. .................................................................................................. 1

        2. A Final Judgment should not reference any claims not presented at trial or part of joint pretrial order, including those of the '492 patent. ........................................................................................................ 2

    B. The Court should award prejudgment interest at the one-year Treasury Bill rate, compounded annually. ....................................................................................... 4

        1. The one-year Treasury Bill rate with annual compounding is appropriate in this case ............................................................................... 5

        2. If the Court is to award prejudgment interest at the prime rate, it should reject Mr. Kennedy's overstated calculation. ................................. 9

III. CONCLUSION ................................................................................................................ 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*ACCO Brands, Inc. v. Am. Power Conversion Corp.*,
   No. 02-cv-113-TJW, 2004 WL 5698341 (E.D. Tex. Apr. 27, 2004) .....................................7, 8

*Accuscan, Inc. v. Xerox Corp.*,
   No. 96-cv-2579-HB, 2000 WL 280005 (S.D.N.Y. Mar. 15, 2000)...........................................8

*Alcon Rsch. Ltd. v. Barr Lab'ys, Inc.*,
   745 F.3d 1180 (Fed. Cir. 2014).............................................................................................3, 4

*Apple, Inc. v. Samsung Elecs. Co.*,
   67 F. Supp. 3d 1100 (N.D. Cal. 2014) ..................................................................................7, 8

*Bio-Rad Lab'ys, Inc. v. Nicolet Instrument Corp.*,
   807 F.2d 964 (Fed. Cir. 1986)................................................................................................5, 9

*Cornell Univ. v. Hewlett-Packard Co.*,
   No. 01-cv-1974, 2009 WL 1405208 (N.D.N.Y. May 15, 2009) ...........................................7, 8

*Creative Internet Advert. Corp. v. Yahoo! Inc.*,
   689 F. Supp. 2d 858 (E.D. Tex. 2010) .......................................................................................8

*CX Reinsurance Co. Ltd. v. Johnson*,
   977 F.3d 306 (4th Cir. 2020) .....................................................................................................2

*Datascope Corp. v. SMEC, Inc.*,
   879 F.2d 820 (Fed. Cir. 1989)................................................................................................6, 8

*EarthGrains Baking Cos., Inc. v. Sycamore Fam. Bakery, Inc.*,
   No. 09-cv-523-DAK, 2012 WL 2419953 (D. Utah June 26, 2012) ..........................................2

*Gen. Motors Corp. v. Devex Corp.*,
   461 U.S. 648 (1983)...............................................................................................................4, 5

*Invitrogen Corp. v. Biocrest Mfg., LP*,
   No. 01-CA-167-SS, 2006 WL 8435710 (W.D. Tex. Oct. 31, 2006) .........................................6

*Kaneka Corp. v. JBS Hair, Inc.*,
   No. 3:10-CV-01430-P, 2013 WL 12123946 (N.D. Tex. Oct. 24, 2013) ...................................9

*Laitram Corp. v. NEC Corp.*,
   115 F.3d 947 (Fed. Cir. 1997)...............................................................................................6, 8

*Lucent Techs., Inc. v. Gateway, Inc.*,
   580 F.3d 1301 (Fed. Cir. 2009)..................................................................................................6

*Mars, Inc. v. Coin Acceptors, Inc.*,
   513 F. Supp. 2d 128 (D.N.J. 2007) ........................................................................................5, 8

*Oiness v. Walgreen Co.*,
   88 F.3d 1025 (Fed. Cir. 1996)................................................................................................4, 5

*Oliver v. Klein Indep. Sch. Dist.*,
   472 F. Supp. 3d 367 (S.D. Tex. July 15, 2020) .........................................................................2

*Packet Intell. LLC v. Netscout Sys. Inc.*,
   2:16-cv-00230-JRG, 2018 WL 7508613 (E.D. Tex. Sept. 7, 2018)....................................7, 11

*St. Lawrence Commc'ns LLC, v. Motorola Mobility LLC*,
   2:15-CV-351-JRG, 2017 WL 6268735 (E.D. Tex. Dec. 8, 2017).............................................7

*In re Stein*,
   210 B.R. 177 (D. Or. 1997) .......................................................................................................2

*Till v. SCS Credit Corp.*,
   541 U.S. 465 (2004)...................................................................................................................8

*Transocean Offshore Deepwater Drilling, Inc. v. GlobalSantaFe Corp.*,
   No. 03-cv-2910, 2006 WL 3227315 (S.D. Tex. Nov. 6, 2006) .................................................7

*Truseal Techs., Inc. v. GGK Distrib., LLC*,
   No. 08-cv-1836-N, 2012 WL 12981759 (N.D. Tex. Mar. 21, 2012) ........................................7

*U.S. Philips Corp. v. Iwasaki Elec. Co., Ltd.*,
   607 F. Supp. 2d 470 (S.D.N.Y. 2009).......................................................................................9

*In re USA Com. Mortg. Co.*,
   No. 07-cv-00892-RCJ, 2013 WL 1786557 (D. Nev. Apr. 25, 2013) ........................................2

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
   809 Fed. App'x 965 (Fed. Cir. 2020)........................................................................................6

*VirnetX Inc. v. Apple Inc.*,
   6:12-cv-00855-RWS, 2021 WL 1941740 (E.D. Tex. Jan. 15, 2021) ..............................7, 8, 11

*WesternGeco LLC v. ION Geophysical Corp.*,
   953 F. Supp. 2d 731 (S.D. Tex. 2013) ......................................................................................9

**Federal Statutes**

28 U.S.C. § 1961 ............................................................................................................. 1, 5, 8

35 U.S.C. § 284 ..................................................................................................................... 4

**Rules**

Fed. R. Civ. P. 54(a) .................................................................................................... 1, 2, 11

Fed. R. Civ. P. 41 .................................................................................................................. 4

I.      **INTRODUCTION**

Plaintiff EcoFactor, Inc.'s Motion to Approve Form and for Entry of Final Judgment (ECF 223) should be denied and the Court should decline to enter EcoFactor's proposed Final Judgment because the proposed Final Judgment does not comply with Rule 54(a) and includes an inflated calculation of prejudgment interest.  In particular, EcoFactor's proposed Final Judgment includes recitals of pleadings and references to the '492 patent, neither of which should be included in any Final Judgment entered by the Court in this case.

EcoFactor's proposed prejudgment interest calculation is also flawed and should not be adopted by the Court because it is based, without justification, on the prime rate instead of the one-year Treasury Bill rate.  The Court should reject EcoFactor's inflated prejudgment interest calculation based on the higher prime rate, compounded quarterly, and adopt Google's proposed prejudgment interest calculation based on the Treasury Bill rate, compounded annually, because it is the same rate that would be applied to calculate any post-judgment interest per 28 U.S.C. § 1961.  And even if the Court were to determine that the prime rate is preferred over the Treasury Bill rate, it should nonetheless reject EcoFactor's proposed calculation because it is based solely on the prime rate in effect at the time of the hypothetical negotiation in January 2020 rather than taking into account the substantial decrease in the prime rate between January 2020 and the present.

II.      **ARGUMENT**

    A.    **The Court should not enter judgment in the form proposed by EcoFactor because it fails to comply with Rule 54(a).**

        1.    **A Final Judgment should not include any recitals of pleadings or prior orders.**

The Court should not enter EcoFactor's proposed Final Judgment because it does not comply with Rule 54(a) of the Federal Rules of Civil Procedure.  Rule 54(a) makes clear that

1

judgments "should not include recitals of pleadings, a master's report, or a record of prior proceedings." *Id.*  A final judgment should be different in form and content from a memorandum opinion and order, for example.  *See CX Reinsurance Co. Ltd. v. Johnson*, 977 F.3d 306, 311 (4th Cir. 2020) (noting that a dismissal order did not satisfy Rule 54's requirement for a judgment); *Oliver v. Klein Indep. Sch. Dist.*, 472 F. Supp. 3d 367, 373 (S.D. Tex. July 15, 2020) (noting that final judgment under Rule 54(a) is different from an order granting summary judgment); *In re USA Com. Mortg. Co.*, No. 07-cv-00892-RCJ, 2013 WL 1786557, at *2 (D. Nev. Apr. 25, 2013) (ordering plaintiffs to resubmit final judgment as a proposed memorandum opinion and order with recitals of prior pleadings removed); *In re Stein*, 210 B.R. 177, 181 (D. Or. 1997) (same).  Rule 54(a)'s prohibition against including recitals of pleadings or a record of prior proceedings makes sense given that the docket already reflects any prior proceedings or rulings in the case.  *See, e.g.*, *EarthGrains Baking Cos., Inc. v. Sycamore Fam. Bakery, Inc.*, No. 09-cv-523-DAK, 2012 WL 2419953, at *1 (D. Utah June 26, 2012).

In its proposed judgment, EcoFactor includes nearly two pages of text reciting the pleadings and setting out a record of case proceedings, in contravention of Rule 54(a).  Consequently, the Court should decline to enter EcoFactor's form of proposed Final Judgment.  It should instead adopt the version proposed by Google, which complies with Rule 54(a).  *See* Hucek Decl. Ex. 1 [Google's proposed Final Judgment].  Google's version is stripped of any recitals of pleadings or past Court orders and only sets forth the Court's Final Judgment.  *See id.*

        **2.    A Final Judgment should not reference any claims not presented at trial or part of joint pretrial order, including those of the '492 patent.**

The Court should not enter EcoFactor's proposed final judgment because it includes references to claims neither included in the pretrial order nor presented at trial, including references to the '492 patent, which EcoFactor abandoned prior to serving its opening expert

2

report.  *See* Davis Decl. Ex. B, ECF 223-3, at 3, ¶ 1 ("EcoFactor's infringement claims based on U.S. Patent No. 8,180,492 are dismissed without prejudice."), and at 5, ¶ 15 ("Any and all other claims or counterclaims or elements thereof not expressly addressed herein are dismissed as moot."); Hucek Decl. ¶ 2.

Any Final Judgment entered by the Court should not include patents or claims not presented at trial or raised in the pretrial statement.  *Alcon Rsch. Ltd. v. Barr Lab'ys, Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014) (concluding that "[a] court should not render judgment with respect to claims 'referenced in the complaint' but not raised in the pretrial statement or litigated at trial") (quoting *800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354, 1367–68 (Fed. Cir. 2008)). Instead, "[t]he scope of any judgment should conform to the issues that were actually litigated." *Alcon Rsch. Ltd.*, 745 F.3d at 1193.

In this case, though EcoFactor asserted in its complaint that the accused Google products infringed the claims of four patents, the parties only put forward arguments and evidence at trial on the merits of infringement and validity on two of these—U.S. Patent No. 8,738,327 ("the '327 patent") and U.S. Patent No. 10,534,382 ("the '382 patent").  *See* EcoFactor First Am. Compl., ECF No. 28, at 1; Final Jury Instructions, ECF No. 209, at 17.  A third patent, U.S. Patent No. 8,412,488 ("the '488 patent") was included in the parties' joint pretrial statement but was held invalid as indefinite by the Court at the final pretrial conference.  *See* Joint Pretrial Order, ECF No. 169, at 3; Hucek Decl. Ex. 2.  Because these three patents—the '327, the '382, and the '488—were either presented at trial or actually litigated up until the declaration of invalidity, they are properly included in any final judgment entered by the Court. *See Alcon Rsch. Ltd.*, 745 F.3d at 1193.

3

By contrast, the fourth patent, the '492 patent, was abandoned by EcoFactor prior to service of its opening expert reports. Hucek Decl. ¶ 2. EcoFactor thereafter ceased pursuing any claims relating to the '492 patent. Accordingly, the '492 patent was not included in the parties' Joint Pretrial Order and was not presented at trial. Because the '492 patent was not litigated past the close of fact discovery, the Court should not enter any Final Judgment that includes any reference to the '492 patent. *See Alcon Rsch. Ltd.*, 745 F.3d at 1193. But EcoFactor's proposed Final Judgment contains several references to the '492 patent. *See* Davis Decl. Ex. B, ECF 223-3 at 2 ("On January 31, 2020, Plaintiff EcoFactor, Inc. . . . filed suit . . . asserting infringement of U.S. Patent No. 8,180,492 . . . ." and "On September 24, 2021, . . . EcoFactor informed Google that . . . it would no longer be pursuing its infringement claims for the '492 Patent"); at 3 ¶ 1 ("EcoFactor's infringement claims based on U.S. Patent No. 8,180,492 are dismissed without prejudice[.]").

Instead, the Court should adopt Google's proposed Final Judgment, Hucek Decl. Ex. 1 [Google's proposed Final Judgment], which does not include reference to the '492 patent or claims that were not presented at trial.[1]

### B. The Court should award prejudgment interest at the one-year Treasury Bill rate, compounded annually.

Any award of prejudgment interest for patent infringement is discretionary under 35 U.S.C. § 284 and is not appropriate in all circumstances. *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 656 (1983). Prejudgment interest is intended to be compensatory and not punitive. *See Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996). It is meant to "compensate[]

---

[1] In any event, the Court should not enter EcoFactor's proposed judgment in its current form because it includes a dismissal of the '492 patent without prejudice. *See* Davis Decl. Ex. B, ECF 223-3 at 2. Given the late stage at which EcoFactor abandoned this patent and given that EcoFactor never sought dismissal from the Court under Rule 41, Google believes that any dismissal of the '492 patent should be with prejudice.

4

the patent owner for the use of its money between the date of injury and the date of judgment." *Id.* If the Court deems an award of prejudgment interest appropriate, "[t]he rate [] and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court." *Bio-Rad Lab'ys, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986).

Plaintiff's prejudgment interest calculation, as contained in Table B of Exhibit C, ECF 223-4, uses an inflated rate and therefore results in an overly punitive amount. If any prejudgment interest is awarded, the Court should apply the Treasury Bill ("T-Bill") rate, with interest compounded annually based on the calculations proposed by Google. *See* Hucek Decl. Ex. 3 ¶ 3, Schedules 1.0 and 1.1. And even if the Court decides to award prejudgment interest at the prime rate favored by EcoFactor, it should adopt Mr. Schoettelkotte's calculation, which, unlike that of Mr. Kennedy, takes into account fluctuations, including a substantial decrease, in the prime rate between the date of first infringement and the date of any final judgment.

        **1.**        **The one-year Treasury Bill rate with annual compounding is appropriate in this case.**

Any prejudgment interest calculation should be determined using the T-Bill rate. The T-Bill rate is sufficient to compensate EcoFactor for "the foregone use of the money between the time of infringement and the date of the judgment." *Gen. Motors Corp.*, 461 U.S. at 656. The T-Bill rate is more appropriate in this case than the prime rate because it represents the "baseline investment rate" at which EcoFactor could have borrowed funds, because "T-Bills are a virtually risk-free investment" such that "using the T-Bill rate permits the Court to avoid the speculation involved with determination whether possibly higher-yielding, but riskier, investments would have been successful for the patent holder," and because it is the rate specified for post-judgment interest in 28 U.S.C. § 1961. *Mars, Inc. v. Coin Acceptors, Inc.*, 513 F. Supp. 2d 128, 136–37

5

(D.N.J. 2007). *See also Datascope Corp. v. SMEC, Inc.*, 879 F.2d 820, 829 (Fed. Cir. 1989) (affirming district court's award of prejudgment interest at interest rate set by 28 U.S.C. § 1961).

Moreover, EcoFactor has not provided any evidence that prejudgment interest calculated using the higher prime rate is necessary to compensate EcoFactor. In its motion, EcoFactor notes that other courts outside this district have awarded prejudgment interest using the prime rate, without ever explaining what individual circumstances of this case warrant application of any rate higher than the statutory rate for post-judgment interest. *See* Mot., ECF 223, at 2–3. In particular, EcoFactor makes no connection between any actual debt it has incurred, and the damages awarded in this case. *Id.* Absent such a showing, the T-Bill rate is appropriate to serve the goals of any prejudgment interest award. *See Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 955 (Fed. Cir. 1997) (affirming use of T-Bill rate where patent owner did not provide any evidence of having borrowed money at higher rate). This is especially true in this case, where the jury awarded a lump-sum award instead of ongoing royalty payments, because a "lump-sum license removes or shifts certain risks inherent in most arms-length agreements". *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1326 (Fed. Cir. 2009).

The Federal Circuit has repeatedly upheld prejudgment interest awards using the T-Bill rate. *See, e.g.*, *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 809 Fed. App'x 965, 977 (Fed. Cir. 2020) ("District courts have wide latitude in the selection of interest rates [], and prejudgment interest awards at the Treasury Bill rate are well within the court's discretion."); *Laitram Corp.*, 115 F.3d at 955; *Datascope Corp.*, 879 F.2d at 829 (district court did not abuse its discretion in awarding prejudgment interest at the Treasury bill rate of section 1961, compounded annually). Other judges in this district have done the same. *See, e.g.*, *Invitrogen Corp. v. Biocrest Mfg., LP*, No. 01-CA-167-SS, 2006 WL 8435710, at *10 (W.D. Tex. Oct. 31,

2006) (awarding prejudgment interest at T-Bill rate because plaintiff failed to show "by competent evidence that [defendant's] infringement actually caused it to incur any debt").

District courts outside this district have similarly found the T-Bill rate to be sufficient compensation for patent owners like EcoFactor. *See, e.g.*, *VirnetX Inc. v. Apple Inc.*, 6:12-cv-00855-RWS, 2021 WL 1941740, at *8 (E.D. Tex. Jan. 15, 2021) (awarding prejudgment interest using the seven-year T-Bill rate instead of the prime rate); *Packet Intell. LLC v. Netscout Sys. Inc.*, 2:16-cv-00230-JRG, 2018 WL 7508613 (E.D. Tex. Sept. 7, 2018) (awarding prejudgment interest using the five-year T-Bill rate instead of the prime rate); *St. Lawrence Commc'ns LLC, v. Motorola Mobility LLC*, 2:15-CV-351-JRG, 2017 WL 6268735, at *5-6 (E.D. Tex. Dec. 8, 2017) (awarding prejudgment interest at the five-year T-Bill rate); *Apple, Inc. v. Samsung Elecs. Co.*, 67 F. Supp. 3d 1100, 1122 (N.D. Cal. 2014) (citing *Laitram Corp.* and concluding T-Bill rate was sufficient, noting that it "has been accepted and employed by many courts in patents cases as a reasonable method of placing a patent owner in a position equivalent to where it would have been had there been no infringement"); *Truseal Techs., Inc. v. GGK Distrib., LLC*, No. 08-cv-1836-N, 2012 WL 12981759, at *3 n.5 (N.D. Tex. Mar. 21, 2012); *Cornell Univ. v. Hewlett-Packard Co.*, No. 01-cv-1974, 2009 WL 1405208, at *3 (N.D.N.Y. May 15, 2009) (Rader, J., by designation) ("[T]he T-Bill rate has been accepted and employed by many courts in patent cases as a reasonable method of placing a patent owner in a position equivalent to where it would have been had there been no infringement."); *Transocean Offshore Deepwater Drilling, Inc. v. GlobalSantaFe Corp.*, No. 03-cv-2910, 2006 WL 3227315, at *5 (S.D. Tex. Nov. 6, 2006) ("[I]nterest awarded at the treasury bill rate is appropriate in patent cases, absent evidence that justifies a higher rate"); *ACCO Brands, Inc. v. Am. Power Conversion Corp.*, No. 02-cv-113-TJW, 2004 WL 5698341, at *3 (E.D. Tex. Apr. 27, 2004) (citing *Laitram Corp*. and calculating

interest using T-Bill rate); *Accuscan, Inc. v. Xerox Corp.*, No. 96-cv-2579-HB, 2000 WL 280005, at *2 (S.D.N.Y. Mar. 15, 2000) (the 52-week T-bill rate "has often been employed by the Federal Circuit and other courts in awarding prejudgment interest in patent cases").

And Courts that do exercise their discretion to award prejudgment interest using the T-Bill rate, instead of the prime rate, often decide that interest should be compounded annually, not quarterly as EcoFactor proposes.  See, e.g., *Laitram Corp.*, 115 F.3d at 955 (T-Bill rate compounded annually); *Datascope Corp.*, 879 F.2d at 829 (upholding determination of annual compounding of interest); *VirnetX, Inc.*, 2021 WL 1941740, at *8 (seven-year T-Bill rate compounded annually); *Creative Internet Advert. Corp. v. Yahoo! Inc.*, 689 F. Supp. 2d 858, 873 (E.D. Tex. 2010); *Cornell Univ.*, 2009 WL 1405208, at *4 ("[T]he payment of royalties and interest compounded annually is an accepted practice within the patent field."); *Accuscan Inc.*, 2000 WL 280005, at *2 (T-Bill rate compounded annually); *Apple Inc.*, 67 F. Supp. 3d at 1122 (T-Bill rate compounded annually); *Mars Inc.*, 513 F. Supp. 2d at 137 (T-Bill rate compounded annually); *ACCO Brands Inc.*, 2004 WL 5698341, at *3 (ten-year T-Bill rate compounded annually).  Annual compounding is further appropriate because that is the frequency with which post-judgment interest will be compounded pursuant to 28 U.S.C. § 1961.

EcoFactor cites only a handful of cases in support of its argument that prejudgment interest should be calculated using the prime rate, compounded quarterly, few of which actually stand for the proposition for which they are offered.  One of the cited cases, *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004) was a bankruptcy case, which did not involve prejudgment interest at all, but the determination of the proper risk adjustment for bankrupt debtors.  *Id.* at 479.  In another, the Federal Circuit vacated and remanded a district court's order on prejudgment interest without determining whether the prime rate was appropriate.  *See Bio-Rad La'ys, Inc.*,

8

807 F.2d at 969. In another, the district court ordered that prejudgment interest be compounded annually. *See WesternGeco LLC v. ION Geophysical Corp.*, 953 F. Supp. 2d 731, 759 (S.D. Tex. 2013). And in all but one of the remaining cases, the jury awarded damages based on a running royalty, unlike the lump sum award in this case. *See, e.g.*, *Kaneka Corp. v. JBS Hair, Inc.*, No. 3:10-CV-01430-P, 2013 WL 12123946, at *6 (N.D. Tex. Oct. 24, 2013); *U.S. Philips Corp. v. Iwasaki Elec. Co., Ltd.*, 607 F. Supp. 2d 470, 474 (S.D.N.Y. 2009).

For these reasons, the Court should adopt Google's proposed Final Judgment, Hucek Decl. Ex. 1 [Google's proposed Final Judgment], which awards prejudgment interest at the T-Bill rate. As set forth in the Declaration of W. Todd Schoettelkotte submitted herewith, using the average quarterly T-bill rate, compounded annually, yields prejudgment interest of $127,971 through April 8, 2022. *See* Hucek Decl. Ex. 3 ¶ 3, Schedule 1.0.[2]

### 2.  If the Court is to award prejudgment interest at the prime rate, it should reject Mr. Kennedy's overstated calculation.

Though Google believes the Court should calculate any prejudgment interest award based on the T-Bill rate, if the Court is to favor the prime rate, then it should not adopt Mr. Kennedy's calculation. Even when the interest rate and compounding period are the same, EcoFactor's and Google's methods of calculating prejudgment interest result in significantly different conclusions. Specifically, while EcoFactor contends that the total prejudgment interest at the prime rate compounded quarterly amounts to $2,159,533.00 as of April 1, 2022, *see* Davis Decl. Ex. B, ECF 223-4, at 3, ¶5, Google's calculation for total prejudgment interest using the same assumption of the prime rate compounded quarterly amounts to $ 1,509,365.00. *See* Hucek

---

[2] Though it believes annual compounding is appropriate, Google's supporting papers also include additional calculations using the T-bill rate, compounded quarterly. *See* Hucek Decl. Ex. 3 ¶ 4, Schedules 2.0 and 2.1. Google's supporting papers further include additional calculations using the T-Bill rate based upon final judgment being entered on each day from April 8, 2022 through April 30, 2022. *See* Hucek Decl. Ex. 3, Schedule 1.1.

9

Decl. Ex. 3 ¶ 8, Schedule 5.0.  EcoFactor's calculations should be rejected because they are misleading and inflate the overall amount of prejudgment interest owed.

A calculation of prejudgment interest requires consideration of multiple factors, including: (1) interest rate; (2) compounding period; and (3) accrual period.  For purposes of this calculation, EcoFactor and Google are in agreement on factors (2) and (3).  The disagreement, however, is over whether the prime rate to be applied should only be the one in effect at the time of the "first infringement (i.e., January 31, 2020)," as Mr. Kennedy does, or whether it is more accurate and appropriate to apply the prime rate in effect each quarter for which the compounding is to occur, as Mr. Schoettelkotte does.  *See* Hucek Decl. Ex. 3 ¶ 6.  This difference in the method of calculation between Mr. Kennedy and Mr. Schoettelkotte is significant because the 4.75% prime rate used by Mr. Kennedy to calculate interest for the whole prejudgment period declined just over a month later, on March 15, 2020, to 3.25%, where it remained for another two years.  *See id*.  Mr. Kennedy's use of the 4.75% rate throughout the whole prejudgment period thus unfairly increases the interest EcoFactor is claiming.  Applying the average quarterly prime rate, compounded quarterly, results in prejudgment interest of $1,509,365.00 from January 31, 2020 to the date of this filing.  *See* Hucek Decl. Ex. 3 ¶ 8.[3]

EcoFactor's motion and Mr. Kennedy's supplemental report are both silent as to why EcoFactor should be entitled to an award of prejudgment interest at the prime rate frozen as of the date of first accrual, rather than calculating interest using the prime rate applicable at the time that EcoFactor would have sought to borrow money.  Courts that have awarded prejudgment interest at the prime rate have held that the effective interest rate should be adjusted "with each

---

[3] Google has supplied additional calculations using the appropriate average prime quarterly rate based on final judgment being entered on each day from April 8, 2022 through April 30, 2022. *See* Hucek Decl. Ex. 3, Schedule 5.1.

and every change in the rate from the date of infringement." *VirnetX, Inc.*, 2021 WL 1941740, at *8. *See also Packet Intell. LLC*, 2018 WL 7508613 (same). Furthermore, with an accrual period of only two years, this is not a situation in which the prime rate changed so frequently that using the appropriately adjusted interest rate is overly complicated, as Mr. Schoettelkotte has shown. *See* Hucek Decl. Ex. 3 ¶ 8, Schedule 5.0.

### III. CONCLUSION

The Court should enter Final Judgment in the form and content provided for in Google's Exhibit 1. Specifically, the Court should (1) enter judgment on the jury's verdict in the form specified by Google and in compliance with Rule 54(a), and (2) award any prejudgment interest at the one-year Treasury bill constant maturity rate, compounded annually, in the amount specified in the Declaration of W. Todd Schoettelkotte. Alternatively, if the Court deems the prime rate more appropriate for any prejudgment interest calculation, it should adopt Mr. Schoettelkotte's calculation, which takes into account changes in the prime rate during the prejudgment period.

///

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Dated: April 8, 2022

Shamita Etienne-Cummings
(*admitted to the Western District of Texas*)
Allen & Overy LLP
1101 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 683-3810
GoogleEcofactorWDTX@AllenOvery.com


Bijal V. Vakil
(*admitted to the Western District of Texas*)
Eric Lancaster (admitted *Pro Hac Vice*)
Allen & Overy LLP
530 Lytton Avenue, 2nd Floor
Palo Alto, CA 94301
Telephone: (650) 388-1703
GoogleEcofactorWDTX@AllenOvery.com

By: */s/ Robert A. Van Nest with permission by Michael E. Jones*
ROBERT A. VAN NEST
LEO L. LAM
EUGENE M. PAIGE
R. ADAM LAURIDSEN
JENNIFER A. HUBER
KRISTIN HUCEK
ANNA PORTO
GREGORY WASHINGTON
ERIC HANSON
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188
econest-kvp@keker.com


POTTER MINTON
Michael E. Jones (TX Bar No. 10929400)
mikejones@potterminton.com
Patrick C. Clutter (TX Bar No. 24036374)
patrickclutter@potterminton.com
110 N. College, Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846

Attorneys for Defendant GOOGLE LLC