UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

|  |  |
|---|---|
| ECOFACTOR, INC.,<br><br>               Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>               Defendant. | Civil Action No. 6:20-cv-00075 (ADA) |

**PLAINTIFF ECOFACTOR, INC.'S MEMORANDUM
IN SUPPORT OF ITS BILL OF COSTS**

As the prevailing party in this litigation, Plaintiff EcoFactor, Inc. ("EcoFactor") hereby respectfully requests an award of costs in the amount of **$276,412.85** to be taxed against Defendant Google LLC ("Google"). Following the jury's verdict of infringement in favor of EcoFactor (Dkt. No. 215), the Court entered Final Judgment on May 26, 2022 (Dkt. No. 244). The Court's Final Judgment expressly awards costs to EcoFactor. *See* Dkt. No. 244.

The following categories of costs are permitted under 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

EcoFactor's § 1920 costs are enumerated in its [Proposed] Bill of Costs (Dkt. No. 247), which is also attached hereto as Exhibit A.

1

**I.     § 1920(2) – "Fees for printed or electronically recorded transcripts necessarily obtained for use in this case"**

EcoFactor seeks to recover **$87,757.60** in costs for printed and electronically recorded trial, pre-trial, and deposition transcripts. Section 1920(2) permits EcoFactor, as the prevailing party, to recover these costs.

With respect to court proceedings, EcoFactor seeks taxation of costs in the amount of $18,000.00 for obtaining daily trial transcripts. These transcripts were necessarily obtained for use during trial. The invoice for these transcripts is attached as Exhibit B.

With respect to depositions, EcoFactor seeks taxation of costs in the amount of $69,757.60 in connection with the depositions of EcoFactor and Google fact and expert witnesses. Costs related to depositions are permitted under § 1920(2) if the depositions "were necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). The Fifth Circuit has held that "a deposition need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case.'" *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). "If, at the time it was taken, a deposition could reasonably be expected to be used for trial preparation, rather than merely for discovery, it may be included in the costs of the prevailing party." *Id*. Moreover, § 1920(2) also permits taxing costs for video recordings of depositions. *Nilesh Enters. v. Layers Title Ins. Corp.*, 2010 U.S. Dist. LEXIS 66146, at *8 (W.D. Tex. Jul. 1, 2010) ("Videotape deposition costs and deposition transcripts are both recoverable costs"); *SynQor, Inv. v. Artesyn Techs., Inc.*, No. 2:07-cv-497-TJW-CE, 2011 U.S. Dist. LEXIS 112493, at *9-10 (E.D. Tex. Sep. 30, 2011) (explaining that the 2008 amendment to § 1920 permits recovery of both deposition transcripts and electronic video recordings necessarily obtained for use in the case).

EcoFactor incurred $69,757.60 in costs for deposition transcripts ($65,004.60) and videos ($4,753.00) associated with the below-identified witnesses. These transcripts and videos were necessarily obtained for use in the case (as summarized in the table below, in chronological order), including for the preparation of expert reports, drafting of motions, and preparation for trial. EcoFactor is not seeking incidental costs associated with its depositions, such as expedited delivery charges or real-time transcription costs. *See, e.g.*, *Garzez v. Lopez*, No. SA-02-CA-1131-H, 2008 WL 11461796, at *3 (W.D. Tex. Dec. 31, 2008). In addition, EcoFactor is only seeking video costs for the six witnesses who testified by deposition video at trial. *See MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, Dkt. No. 433 at 6-7 (W.D. Tex. June 3, 2022).

An itemization of EcoFactor's taxable deposition costs and supporting invoices are contained in Exhibit C.

| Deponent Name | Reasons Why Transcripts Were Necessarily Obtained for Use in This Case |
|---|---|
| James Maccoun | Google licensing witness, corporate representative, and 30(b)(6) witness; testified live at trial |
| Scott Hublou | Inventor of the asserted patents; testified by deposition **video** at trial |
| Ruchi Desai | Google product manager and 30(b)(6) witness; testified live at trial |
| Scott McGaraghan | Google executive and 30(b)(6) witness; testified live at trial |
| Eric Burger | Google software engineer and 30(b)(6) witness; testified live at trial |
| Dia Kharrat | Google software engineer and 30(b)(6) witness |
| Glen Okita | EcoFactor vice president of engineering and 30(b)(6) witness; testified live at trial |
| Marco Bonvini | Google software engineer and 30(b)(6) witness; testified by deposition **video** at trial |
| Michael Maigret | Google financial executive and 30(b)(6) witness |
| Tim Clark | Third-party Bidgely corporate representative; testified by deposition **video** at trial |
| Adam Grant | Third-party Nevada Energy corporate representative |

| Deponent Name | Reasons Why Transcripts Were Necessarily Obtained for Use in This Case |
|---|---|
| Michael Brown | Third-party Nevada Energy corporate representative; testified by deposition **video** at trial |
| Shayan Habib | EcoFactor CEO, corporate representative, and 30(b)(6) witness; testified live at trial |
| Jeff Gleeson | Google product manager and 30(b)(6) witness; testified by deposition **video** at trial |
| Ramya Bhagavatula | Google software engineer and 30(b)(6) witness |
| Josh Buffum | Google software engineer and 30(b)(6) witness; testified live at trial |
| William Yu | Third-party Trane corporate representative; testified by deposition **video** at trial |
| Sylvia Hall-Ellis | Google expert; submitted an expert report on prior art ultimately not used at trial |
| W. Todd Schoettelkotte | Google damages expert; submitted an expert report; testified live at trial |
| Erik de la Iglesia | EcoFactor infringement expert; submitted an expert report; testified live at trial |
| David Kennedy | EcoFactor damages expert; submitted an expert report; testified live at trial |
| David Williams | Google invalidity expert; submitted an expert report; testified live at trial |
| Don Turnbull | Google non-infringement expert; submitted an expert report; testified live at trial |
| John Palmer | EcoFactor validity expert; submitted an expert report; testified live at trial |
| Gianna Orozco | EcoFactor consultant; deposed by Google |

## II.    § 1920(3) – "Fees and disbursements for printing and witnesses"

EcoFactor seeks to recover **$6,656.00** in witness fees for witnesses called during trial. The statutory costs associated with witness attendance at trial are set forth by 28 U.S.C. § 1821. In particular, EcoFactor's costs for each witnesses is taxed through an attendance fee for each day at trial as provided for in § 1821(b), required travel expenses as provided for in § 1821(c), and required overnight lodging as provided for in § 1821(d). An itemization of EcoFactor's taxable

witness costs is contained in Exhibit D, which includes applicable per diem allowances in Waco, Texas as prescribed by the Administrator of General Services.

**III.    § 1920(4) – "Fees for exemplification and the costs of making any materials where the copies are necessarily obtained for use in the case"**

EcoFactor seeks to recover **$181,599.25** in costs for printing, copying, and making documents for trial necessarily obtained for use in this case. 28 U.S.C. § 1920(4) (2020).

EcoFactor necessarily incurred $132,823.75 in costs related to the preparation of its trial exhibits, graphics, and demonstrative aids. "[C]ourts have considered that in highly technical cases, [such as patent cases], trial technology is not only reasonable but necessary." *Two-Way Media, LLC v. AT&T Servs., Inc.*, 2013 U.S. Dist. LEXIS 202556, at *23 (W.D. Tex. Nov. 22, 2013) The use of technology at trial "may be taxed as a cost as long as it is anticipated, useful, and a necessary tool to assist in the efficient presentation of cases." *Id*. (citing *Versata Software, Inc. v. SAP Am., Inc.*, No. 2:07-CV-153, 2011 WL 4436F83, at *2 (E.D. Tex. Sep. 23, 2011)). EcoFactor incurred substantial expenses in preparing exhibits for use during trial, and its trial technician ran EcoFactor's audio-visual courtroom equipment to ensure that its case was efficiently presented to the jury. Because several witnesses testified by remote videoconference, the use of electronic exhibits, slides, and videos were especially important in this case. EcoFactor's expenses in this regard are detailed in Exhibit G. Notably, EcoFactor has already reduced the amount of its request by over $88,000 by excluding the costs associated with its trial technician, which are therefore not highlighted in the invoices of Exhibit G. EcoFactor's trial technician was present and active throughout the entire trial and devoted dozens of hours outside of court to preparing exhibits and demonstratives for efficient use during the trial. To be clear, EcoFactor maintains that its trial technician costs are properly taxable and has excluded them only to further demonstrate the reasonableness of EcoFactor's request. *See, e.g.*, *MV3 Partners LLC v.*

*Roku, Inc.*, No. 6:18-cv-00308-ADA, Dkt. No. 433 at 10 (W.D. Tex. June 3, 2022) (awarding $133,998.89 in graphics costs, which is higher than the amount sought by EcoFactor here).

In addition, EcoFactor seeks to recover $48,775.50 in document reproduction costs that necessarily resulted from this litigation. As this Court has recognized, there is a "generally accepted rule in the Western District that a prevailing party should be entitled to 50% of its document reproduction costs throughout the entire case." *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-cv-00308-ADA, Dkt. No. 433 at 10 (W.D. Tex. June 3, 2022); *Ushijima v. Samsung Elecs. Co.*, 2015 U.S. Dist. LEXIS 109031, at *12 (W.D. Tex. Jul. 30, 2015) ("Allocating approximately 50% of the prevailing party's copying costs is an acceptable, if 'somewhat crude,' method of accounting for necessary versus unnecessary copies." (quoting *Summit Tech., Inc. v. Nidek, Co.*, 435 F.3d 1371, 1378-79 (Fed. Cir. 2006))). An itemization of EcoFactor's total document reproduction costs and supporting invoices are contained in Exhibit F. Because these costs total $97,551.00, application of the 50% general rule indicates that EcoFactor is entitled to recover $48,775.50 in document reproduction costs.

### IV.     § 1920(5) – "Docket fees under section 1923 of this title"

EcoFactor seeks to recover $400.00 in costs to compensate for its fee paid to file the Complaint in this action (Dkt. No. 1). An itemization of this cost is included in Exhibit E.

### V.     CONCLUSION

As the prevailing party in this litigation, EcoFactor requests an award of costs in the total amount of **$276,412.85**, as reflected in its [Proposed] Bill of Costs (Dkt. No. 247).

Date:  June 9, 2022                                  Respectfully submitted,

/s/ *Reza Mirzaie*

Reza Mirzaie
Marc A. Fenster
Adam S. Hoffman
Paul A. Kroeger
Kristopher R. Davis
James N. Pickens
Minna Chan
Jason Wietholter
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Tel: 310-826-7474
Fax: 310-826-6991
rmirzaie@raklaw.com
mfenster@raklaw.com
ahoffman@raklaw.com
pkroeger@raklaw.com
kdavis@raklaw.com
jpickens@raklaw.com
mchan@raklaw.com
jwietholter@raklaw.com

*Attorneys for Plaintiff EcoFactor, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that this document is being served upon counsel of record for Defendant on June 9, 2022 via electronic service.

/s/ *Reza Mirzaie*