UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ECOFACTOR, INC.,<br><br>                               Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>                               Defendant. | Civil Action No. 6:20-cv-00075 (ADA) |

**ORDER DENYING-IN-PART DEFENDANT'S MOTION TO STAY EXECUTION OF JUDGMENT PURSUANT TO RULE 62(B) AND FOR WAIVER OF BOND**

Came on for consideration Defendant Google LLC's ("Google") Motion to Stay Execution of Judgment Pursuant to Rule 62(B) and for Waiver of Bond, filed on November 9, 2022. ECF No. 284. Plaintiff EcoFactor, Inc. ("EcoFactor") filed a response on November 23, 2022, ECF No. 285, and Google filed a reply on November 30, 2022, ECF No. 286. After considering the parties' briefing and the applicable law, the Court **DENIES** Google's Motion for Waiver of Bond. The Court **GRANTS** Google's alternative request for a limited stay of 28 days to allow time for Google to make arrangements to post the bond.

### I.    BACKGROUND

On May 26, 2022, the Court entered final judgment based on the jury verdict against Google. ECF No. 244. The jury awarded EcoFactor $20,019,300.00 in damages for Google's infringement of the '327 Patent. *Id.* After final judgment, EcoFactor filed a Motion for New Trial on issues of infringement and damages of the '382 Patent. ECF No. 249. Google filed a Motion for Judgment as a Matter of Law, ECF No. 254, and a Motion for New Trial, ECF No. 255. At a

hearing, the Court denied EcoFactor's Motion for a New Trial and Google's Motions for Judgment as a Matter of Law and New Trial. ECF No. 278. Both parties have filed notices of appeal. ECF Nos. 244, 281.

## II.     LEGAL STANDARD

Under Rule 62(b), "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security." The bond "preserve[s] the status quo" and "secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment." *Popular Grove Planting & Refin. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190−91 (5th Cir. 1979). However, courts can depart from the bond requirement. *Id.* at 1191. The burden is on the moving party to show the reasons for departing from the bond requirement. *Id.* The moving party must "objectively demonstrate[] a present financial ability to facilely respond to a money judgment" and "a financially secure plan for maintaining that same degree of solvency during the period of appeal." *Id.*

Other courts have considered the following factors when determining whether to waive the bond requirement: "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence the district court has in the ability of funds to pay the judgment; (4) whether the defendant's ability to pay the bond is so plain that the cost of the bond would be a waste of money; (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *Halliburton Energy Servs., Inc. v. NL Indus.*, No. H-05-4160, 2008 WL 2787247, at * 1 (S.D. Tex. July 16, 2008).

When a prevailing party also appeals the final judgment, the Court may also stay execution of judgment without bond. *Bronson v. La Crosse & M.R. Co.*, 68 U.S. 405, 410 (1863). However,

where the prevailing party is seeking increased damages, not the reversal of the district court's final judgment, waiver of bond is not appropriate. *Enserch Corp. v. Shand Morahan & Co., Inc.*, 918 F.2d 462, 464 (5th Cir. 1990).

### III.   ANALYSIS

Google argues that it is entitled to a stay because it is a "large, well-established, financially strong company." ECF No. 284, at 4. Further, Google argues that, because Google is publicly traded, Google's finances are publicly available. *Id.* at 6. Therefore, EcoFactor can monitor Google's financial condition during the stay. *Id.* In response, EcoFactor argues that Google has failed to meet its burden under *Popular Grove*. ECF No. 285 at 2. In particular, EcoFactor argues that Google has failed to show that it has a financially secure plan for maintaining solvency during appeal. *Id.* EcoFactor argues that the only plan Google has presented requires EcoFactor and the Court to monitor Google's public records to ensure that Google remains solvent. *Id.*

The Court agrees with EcoFactor that Google has failed to meet its burden here. Google has likely shown that it has "a present financial ability to facilely respond to a money judgment." *Popular Grove*, 600 F.2d at 1191. Google has shown that it currently has "cash and cash equivalent" in excess of the judgment in this case. ECF No. 284, at 5. However, Google has failed to show that it has "a financially secure plan for maintaining that same degree of solvency during the period of appeal." *Popular Grove*, 600 F.2d at 1191. For this requirement, Google merely stresses that it is a publicly traded company. ECF No. 284, at 6. Google argues that EcoFactor and the Court can monitor Google's financial position regularly. *Id.* However, this improperly shifts the burden to EcoFactor and the Court to ensure that Google is remaining financially secure. Under *Popular Grove*, it is the burden of the moving party to provide a plan for it to remain financially secure. *Popular Grove*, 600 F.2d at 1190−91. The Court concludes that the fact that Google is

publicly traded is not enough to show that it has "a financially secure plan for maintaining the same degree of solvency during the period of appeal." *Popular Grove*, 600 F.2d at 1191. Thus, the Court concludes that Google does not qualify for a waiver of bond on these grounds.

Google also argues that it should not be required to post a bond to secure a stay of execution because EcoFactor itself is also appealing the judgment. ECF No. 284 at 6. Google points to *Bronson v. La Cross & M.R. Co.*, which held that the district court's judgment should be stayed if the prevailing party was also appealing the judgment. 68 U.S. 405, 410 (1863). But EcoFactor points out that the Fifth Circuit has held that *Bronson* does not apply when the prevailing party does not seek reversal of the final judgment, but only increased damages. ECF No. 285 at 8 (citing *Enserch Corp.*, 918 F.2d at 464).

The Court agrees with EcoFactor. Because EcoFactor is only seeking additional damages, a bond is still appropriate. As the Fifth Circuit has explained, a bond is appropriate where, if the prevailing party succeeds on appeal, "the judgment [on appeal] would not conflict with the enforcement of the original judgment of the district court." *Enserch Corp.*, 918 F.2d at 464. That is the case here. If EcoFactor succeeds on appeal on its Motion for New Trial on issues of infringement of the '382 Patent, that determination is not inconsistent with the Court's final judgment on damages. EcoFactor will still be entitled to the damages awarded with respect to the '327 Patent, amounting to $20,019,300.00. Thus, the Court finds that Google does not qualify for a waiver of bond.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Google's motion for waiver of bond. But the Court **GRANTS** a limited stay of twenty-eight (28) days to allow Google time to make arrangements to post the bond. The case is hereby stayed for twenty-eight days. To stay execution of judgment, Google must post the bond by the end of the limited stay.

**SIGNED** this 5th day of December, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE